## STATE ex SULLIVAN v WILSON

Ohio Common Pleas, Hamilton Co

Decided June 19, 1937

James E. O'Connell, Cincinnati, and Earl T. Wagner, Cincinnati, for relator.

John D. Ellis, Cincinnati, and Ed. F. Alexander, Cincinnati, for defendant.

### OPINION

By BELL, J.

This is an action in mandamus and was tried and submitted to the court upon an agreed state of facts. The facts, so far as they are necessary for a decision of the question involved, are substantially as follows:

The relator, James H. Sullivan, is a citizen and taxpayer of the city of Cincinnati, Hamilton county, state of Ohio. The defendant, Russel Wilson, is the mayor of the city of Cincinnati. Messrs. Cecil H. Gamble, Thomas Hogan, Jr., and James Morrison are the duly qualified and acting members of the Civil Service Commission. John A. Lentz is the duly qualified and acting secretary of that commission.

Some time in the month of February in the year 1937 the relator made a demand upon the civil service commission to permit him to inspect and make a copy of the civil service roster of the city, that is to inspect and make a copy of the list of civil service employees in the classified service of the city of Cincinnati. The respondents, the Civil Service Commission, refused to grant that request, and thereupon the relator demanded of the city solicitor that he bring an action in mandamus to compel the Civil Service Commission to grant the request of the relator, which the solicitor refused and neglected to do.

It was agreed in open court that no

claim was made by the defendants that the relator was acting from any ulterior motive or not in good faith.

At the conclusion of the hearing the court announced that Russel Wilson, one of the defendants, as mayor of the city of Cincinnati, had nothing to do with the controversy and he is therefore dismissed as a defendant. John A. Lentz, as secretary of the Civil Service Commission, has nothing to do with this controversy, his duty being to carry out the orders of the Civil Service Commission of the city of Cincinnati, and for that reason, there being no duty enjoined upon him by law which the court could enforce by a writ of mandamus, it is ordered that John A. Lentz be dismissed as a defendant. The case therefore stands on the relation of James H. Sullivan against the three gentlemen who constitute the Civil Service Commission of the city of Cincinnati.

The question presented for the consideration of the court is whether or not there is a clear legal duty enjoined upon this commission by law which it has failed and refused to perform. If there is, then the relator is entitled to the relief prayed for; if there is not, then he is entitled to no relief and his petition should be dismissed.

Sec 486-7, Subd. 3, GC, provides: "The commission (referring to the Civil Service Commission) shall prepare, continue and keep in its office a complete roster of all persons in the classified service. This roster shall be open to public inspection at all reasonable hours. It shall show in reference to each of such persons, his name, address, the date of his appointment to or employment in such service, his salary or compensation, the title of the place or office which he holds, the nature of the duties thereof, and in case of his removal or resignation, the date of the termination of such service."

This law suit and its decision depends upon the proper construction of that subsection of that section of the General Code of Ohio.

On the part of the relator it is claimed that by virtue of that provision of the General Code this list is a public record and that the relator has a right to inspect and make a copy of that public record. The city, through its solicitor, contends that even though that be true, that by virtue of this provision of the code the civil service list is a public record, that no person has a right, unless he can show an interest in the particular part of the record which he desires to inspect, to generally inspect and make a copy of the record.

Question was also raised in the case as to whether or not, when the statute gives only the right to inspect, that carried with it the right to make a copy. That question has been definitely determined in this state by the Supreme Court of Ohio in 62 Oh St 189, in what is known as the Volksblatt case, in which the Supreme Court laid down the rule that making copies of any record was a mere incident to the right of inspection, and where the right of inspecion was given, that carried with it the right to make copies; so that, if this relator has a right to inspect this entire record, then he has an equal right to make a copy of the entire record.

The court has examined the citations submitted by counsel, and a number of others on the question of whether or not, where one desires to make a copy of a public record, he must have some interest in that record before he has the right. On that question the decisions are not uniform, some courts holding that before one can make a copy of an entire public record or even make a copy of a part of a public record, he must have some interest in that record; other courts holding that where the right is given by law to make a copy of the record, the question of the motive or the interest of the person who desires to make a copy is entirely immaterial and is not the subject of judicial investigation.

Counsel for the city cited to the court one or two cases which he claimed sustained his view that unless the relator alleged and proved his interest, he had no right to make a copy. One of those cases was Newton v Fisher reported in 98 North Carolina at page 20. The court has carefully examined that case and finds that the question involved in that case is not here involved at all. In the North Carolina case the Registrar of Deeds was entitled to certain fees for the making and furnishing of copies of any part of the record of his office which anyone desired. The record in that case disclosed that the office was maintained by virtue of those fees. A firm, for the purpose of going into private business and making gain, undertook, without paying those fees, to go into his office and make copies of the entire public records of that office. The Supreme Court of North Carolina held that while they could make the copies or have him make them, before he could be compelled

to permit them to make them, they must pay the fees for the copies.

There is a case in the 43rd Michigan which does sustain the view of the city solicitor in this case. That case, however, has been considered by four different Supreme Courts of other states since the decision and each one of those four Supreme Courts has repudiated the doctrine and the pronouncement in the Michigan case. This court would not, of course, criticize the decision of the Supreme Court of Michigan. That court was construing a statute of Michigan, and the manner in which it construed the Michigan statute is not consistent with the manner in which the New York Court of Appeals construed a New York statute, or the Wisconsin Supreme Court construed a Wisconsin statute, or the Illinois Supreme Court construed an Illinois statute, nor, in the judgment of this court, the manner in which the Supreme Court of Ohio has construed not this but a similar statute in Ohio. In the Volksblatt case to which the court referred, the Supreme Court was considering a section of the General Code very much like the provision here under consideration with regard to the right of a stockholder in a corporation at all reasonable times to inspect and make copies from the books of that corporation. The Supreme Court in that case held that that right being given by the statute, the motive of the stockholder or whether he was acting in good faith or not, was not in question and could not be the subject of judicial determination; the statute having given the right, the corporation nor the court had any right to place any limitations upon that right.

The argument was made to this court that the Civil Service Commission of Cincinnati had refused to permit the copying of this record for the reason that it might fall into the hands of some person or group of persons who would use it for an ulterior purpose or not in good faith. If and when such a situation arises, under the decisions in this state and every other state the city would have a right to refuse to permit the list to be used, and in an action to compel permission to inspect it, the city could set up as a defense that the person seeking to copy the record was going to copy it for an ulterior purpose or not in good faith, and if they sustained that position, the court would not permit, under those circumstances, an inspection and copy to be made.

As I view these statutes and as I view the question of civil service, civil service is the means by which it is being attempted to carry into execution what is known as the merit system in public office. It is a means to an end. There is nothing sacred about civil service or about people employed under civil service. As I construe the civil service law, one of its purposes is that the record of every person, how they got their appointment, what their job is, what they are paid, should be a matter of public record for the information of the public or those of the public who desire to have that information.

With these views in mind, the court is of the opinion that this relator is entitled to the relief for which he prays, subject to only one condition, and that one condition is the one named in the statute, that he has the right to this inspection and to make a copy of all or any part of this civil service list with the exception that it must be done at a reasonable time so as not to interfere with the functioning of the Civil Service Commission.

A decree may be drawn in accordance with the views and findings of the court.