THE STATE, EX REL. PUBLIC EMPLOYEES RETIREES, INC., *v.* PUBLIC EMPLOYEES RETIREMENT SYSTEM OF OHIO ET AL.

(No. 79-767—Decided December 12, 1979.)

Mr. *Robert M. Draper,* for relator.

Mr. *William J. Brown,* attorney general, and Mr. *John R. Hewitt,* for respondents.

*Per Curiam.* In order for a writ of mandamus to be issued, a relator must show:

"***(1) that he enjoys a clear legal right to the relief for which he prays, (2) that respondent is under a clear legal duty to perform the act demanded by relator, and (3) that he has no plain and adequate remedy in the ordinary course of the law." *State, ex rel. Niles,* v. *Bernard* (1978), 53 Ohio St. 2d 31, at page 33.

Relator's right of access to the list of names and addresses of member retirees of PERS, and the duty of PERS to make these lists available to relator, are governed by R. C. 149.43, which provides:

"As used in this section, 'public record' means any record required to be kept by any governmental unit,*** except records pertaining to physical or psychiatric examinations, adoption, probation, and parole proceedings, and records the release of which is prohibited by state or federal law.

"All public records shall be open at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

Respondents do not deny that the above section is applicable and that public records are involved herein. *State, ex rel. Beauty Supply Co.,* v. *State Bd. of Cosmetology* (1977), 49 Ohio St. 2d 245. Nor do respondents contend that relator has an adequate remedy at law. Thus, unless there is an applicable exception to the cited provision, or unless the Privacy Act prevents the release of the requested information, the writ should issue.

Respondents contend that R. C. 145.27 provides such an

exception. That statute states, in conformity with R. C. 149.43, that PERS records shall be open to public inspection, but then excludes from inspection history records of public employees filed pursuant to R. C. 145.16. R. C. 145.16 requires a public employee, when he becomes a member of PERS, to provide a detailed statement of all his previous service as a public employee. Respondents argue that this exception applies here, thus preventing respondents from giving the requested information to relator. All relator requests, however, are names and addresses. No request has been made for the history of the retirees. Respondents read the exception too broadly in an attempt to cover the present situation. The names and addresses of retirees are included as public records and are open to the public. Furthermore, respondents had given the requested information to relator for a number of years while R. C. 145.16 and 145.27 were in effect. Their position now is inconsistent with their past actions.

Respondents also allege that the requested information should not be turned over to relator due to the Privacy Act, R. C. Chapter 1347. This court has held that the right to know by the public, as codified in R. C. 149.43, must be weighed against the right of personal privacy by the individual, codified in R. C. Chapter 1347. *Wooster Republican Printing Co.* v. *Wooster* (1978), 56 Ohio St. 2d 126. The test for resolving these competing interests was set forth in *Wooster,* at pages 134-135:

"We believe that in resolving these conflicting interests a balancing test between the individual's right of privacy and the preservation of the public's right to know must be applied. In so doing, the following factors are to be considered: (1) Whether disclosure would result in an invasion of privacy and, if so, how serious; (2) the extent or value of the public interest, purpose or object of the individuals seeking disclosure; and (3) whether the information is available from other sources."

The only invasion of privacy here is the disclosure of the names and addresses of the retirees and the future contact with them by relator. Relator is seeking the disclosure and contact in order to assist the retirees. The names and ad-

dresses are not realistically available from another source, especially not from one central source as provided by respondents.

Respondents have expressed a fear that by releasing the requested information the retirees would be deluged by "innumerable solicitations from insurance companies, real estate promotions, etc., that are currently the bane of this select group and that will result from such a revelation." But, there is no evidence to show that this would be a result. Relator's only intention is to correspond with the retirees and there is no showing that it will use the lists for any other purpose.

Accordingly, we find that the relator's interest in servicing the retirees outweighs the slight invasion of privacy to the same retirees for whose benefit the names and addresses are sought.

For the foregoing reasons, relator's complaint for a writ of mandamus is allowed.

*Writ allowed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.