THE STATE, EX REL. PETTY, *v.* WURST, AUDITOR.

(No. CA89-06-085—Decided October 30, 1989.)

*Charles A. Turner,* for relator.
*John F. Holcomb,* prosecuting attorney, and *Daniel Eichel,* for respondent.

*Per Curiam.* This matter came on to be considered upon a complaint in mandamus and motion for summary judgment filed by relator, an answer and motion to dismiss filed by respondent, and upon the briefs and oral arguments of counsel.

On March 20, 1989, relator, Mark C. Petty, filed a request under the Ohio Public Records Act with respondent, Daniel S. Wurst, Butler County Auditor, for county payroll records for the years 1984 and 1988, including the name, classification or job title, salary rate and total compensation of each and every county employee paid from general funds as of those dates. Respondent supplied the job classification or title for each county position, the salary range for each classification or title, the total number of county employees within such classification or title, and the total salary budget for each county department funded from the general fund. Respondent did not, however, provide the names, salary rate or total compensation of individual employees.

On June 5, 1989, relator filed a complaint in mandamus seeking disclosure of all information originally

requested from respondent. Relator thereafter moved for summary judgment, asserting that there were no issues of material fact and that he was entitled to judgment as a matter of law pursuant to R.C. 149.43. Respondent moved to dismiss the complaint in mandamus on grounds that the information requested by relator was protected by privacy rights granted by the state and federal Constitutions.

R.C. 149.43(C) provides that a person allegedly aggrieved by the failure of a government unit or person responsible to promptly prepare a public record and to make it available may commence an action in mandamus. *State, ex rel. Fox,* v. *Cuyahoga Cty. Hosp. System* (1988), 39 Ohio St. 3d 108, 109, 529 N.E. 2d 443, 444-445. To prevail in mandamus, the relator must demonstrate that: (1) he enjoys a clear legal right to the relief prayed for; (2) respondent is under a clear legal duty to perform the acts demanded by relator; and (3) relator has no plain and adequate remedy in the ordinary course of the law. *State, ex rel. Pub. Emp. Retirees, Inc.,* v. *Pub. Emp. Retirement System* (1979), 60 Ohio St. 2d 93, 94, 14 O.O. 3d 331, 332, 397 N.E. 2d 1191, 1192.

Relator seeks disclosure of county payroll records pursuant to R.C. 149.43(B), which provides:

"All public records shall be promptly prepared and made available for inspection to any person at all reasonable times during regular business hours. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time. In order to facilitate broader access to public records, governmental units shall maintain public records in such a manner that they can be made available for inspection in accordance with this division."

The term "public record" is defined in R.C. 149.43(A)(1) as:

"* * * any record that is kept by any public office, including, but not limited to, state, county, city, village, township, and school district units, except medical records, records pertaining to adoption, probation, and parole proceedings, records pertaining to actions under section 2151.85 of the Revised Code, trial preparation records, confidential law enforcement investigatory records, and records the release of which is prohibited by state or federal law."

In his answer, respondent admitted that he has the information requested by relator and that he utilizes it to carry out his duties and responsibilities as auditor. Therefore, unless respondent can demonstrate that the information is otherwise excepted from release, it must be considered a public record and subject to disclosure under R.C. 149.43(B). *Dayton Newspapers, Inc.* v. *Dayton* (1976), 45 Ohio St. 2d 107, 74 O.O. 2d 209, 341 N.E. 2d 576; *State, ex rel. Jacobs,* v. *Prudoff* (1986), 30 Ohio App. 3d 89, 30 OBR 187, 506 N.E. 2d 927.

In light of respondent's admission concerning the availability of the requested information, the only issue before this court is a question of law: Are the payroll records of a county auditor, particularly the name, classification or job title, salary rate and gross compensation of each county employee paid from the general fund, excepted from the disclosure requirements of R.C. 149.43 by state or federal law?

In construing R.C. 149.43, public policy requires a liberal construction of the provisions defining public records and a strict construction of the exceptions. *State, ex rel. Cincinnati Post,* v. *Schweikert* (1988), 38 Ohio St. 3d 170, 173, 527 N.E. 2d 1230, 1232; *State, ex rel. Natl. Broadcasting Co.,* v. *Cleveland* (1988), 38 Ohio St. 3d 79, 83, 526 N.E. 2d 786, 789-790. Any doubt must be resolved in favor of disclosure. *Id.*

Respondent argues that the information requested by relator should be excepted from the disclosure requirement of R.C. 149.43 because the disclosure of such information would infringe upon the privacy rights of individual county employees. We disagree. "An invasion of privacy occurs when disclosure would subject a person to embarrassment, harassment, physical danger, disgrace, or loss of employment or friends." *Kilroy* v. *Natl. Labor Relations Bd.* (S.D. Ohio 1985), 633 F. Supp. 136, 143 (construing the federal Freedom of Information Act, Section 552, Title 5, U.S. Code), affirmed (C.A. 6, 1987), 823 F. 2d 553. Such consequences are unlikely to result, at least to any measurable extent, from the disclosure of a county employee's name, classification or job title, salary rate and gross salary. Thus, any invasion of privacy would be slight and insufficient to outweigh the public's right to know. See *State, ex rel. Pub. Emp. Retirees, Inc., supra,* at 95-96, 14 O.O. 3d at 333, 397 N.E. 2d at 1193. Additionally, information similar to that requested by relator has been found to be subject to disclosure in other contexts. See *United States* v. *Collins* (C.A. 6, 1979), 596 F. 2d 166 (medicaid cost reports including salaries of individual employees); *State, ex rel. Pub. Emp. Retirees, Inc., supra* (names and addresses of retired members of PERS); *State, ex rel. Sullivan,* v. *Wilson* (C.P. 1937), 24 Ohio Law Abs. 208, 8 O.O. 520, 5 Ohio Supp. 399 (roster and salaries of civil service employees). Accordingly, we conclude that the information sought by relator is a matter of public record and must be disclosed as a matter of law. Respondent is free, of course, to redact any information not requested by relator that respondent does not wish to disclose.

Relator has also requested an award of attorney fees pursuant to R.C. 149.43(C). To warrant an award of attorney fees, relator must demonstrate a sufficient benefit to the public. *State, ex rel Fox, supra,* at 112, 529 N.E. 2d at 447. The court may also consider the reasonableness of respondent's refusal to comply, since attorney fees are regarded as punitive. *Id.*

In the present case, we find no evidence of bad faith on the part of respondent. Respondent partially complied with relator's original request and asserted a reasonable legal argument for refusing to disclose the remainder of the requested information. Relator's request for attorney fees is therefore denied.

Relator's motion for summary judgment is sustained and the writ of mandamus is granted. Respondent's motion to dismiss is overruled.

*Writ granted.*

JONES, P.J., KOEHLER and YOUNG, JJ., concur.