**THE DAILY NEWS PUBLISHING, CO. INC., d/b/a THE DAILY NEWS OF THE VIRGIN ISLANDS AND HAROLD D. HATFIELD, Plaintiffs**

**v.**

**GOVERNMENT OF THE VIRGIN ISLANDS; ALEXANDER A. FARRELLY, GOVERNOR OF THE VIRGIN ISLANDS; VIRDIN BROWN, LEGISLATURE OF THE VIRGIN ISLANDS, President of the Virgin Islands Legislature; VIRGIN ISLANDS DEPARTMENT OF EDUCATION; DR. LINDA CREQUE, Commissioner of the Division of Education; KAREN ANDREWS Director of the Division of Personnel of the Virgin Islands Government; and RUDOLPH KRIGGER, Commissioner of Finance, Defendants**

**ST. THOMAS AND ST. JOHN FEDERATION OF TEACHERS, LOCAL 1825 AND ST. CROIX FEDERATION OF TEACHERS LOCAL 1826, Defendants-Intervenors**

Civil No. 1008/92

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

December 15, 1992

ADRIANE J. DUDLEY, ESQ. (DUDLEY, CLARK AND CHAN), St. Thomas, V.I., *for plaintiffs*

HENRY THOMAS, ESQ. (Assistant Attorney General), St. Thomas, V.I., *for defendants Governor of the Virgin Islands and Departments of the Government of the Virgin Islands*

CAROLYN Y. PHILLIPS-LANCLOS (Chief Legal Counsel), St. Thomas, V.I., *for defendants Legislature of the Virgin Islands and Virdin C. Brown, President of the Virgin Islands Legislature*

ALLEN D. SMITH, ESQ. (HODGE AND FRANCOIS), St. Thomas, V.I., *for defendants-intervenors*

SWAN, *Judge*

## MEMORANDUM OPINION
### FACTS

Plaintiffs have filed a suit couched as an action for mandamus or injunction, seeking to compel the defendants to disclose certain information about government or public employees; namely, the names, salaries and titles or position titles of all Department of Education employees earning $40,000.00 or more per annum. Plaintiffs requested similar information about Legislative Branch employees from the Legislature of the Virgin Islands, ("Legislature"). However, the Legislature honored plaintiffs' request, thereby making the case moot as to defendants Legislature and Senate President Virdin C. Brown.

Plaintiffs assert that local law, Title 3 section 881 of the Virgin Islands Code, gives them an entitlement to the requested information.

Initially, the Executive Branch Defendants opposed plaintiffs' request, contending that the information plaintiffs seek is "personal" to the employees. Defendants also asserted that the information is exempted from public scrutiny pursuant to the public records exceptions codified in 3 V.I.C. 881(g). At the hearing, however, these defendants withdrew their earlier opposition and agreed to release the information to plaintiffs.

On the date of the hearing, the St. Thomas-St. John Federation of Teachers, Local 1825 and St. Croix Federation of Teachers, Local 1826 ("Teachers Unions") filed a motion to intervene in the proceeding. (See F.R. Civ. P. 24). Bypassing the legal nuances, the Court granted the motion to intervene, thereby allowing the Court to dispose of the controversy on the merits. Apparently, some of the employees affected by plaintiffs' request are members of the Teachers Unions. The Teachers Unions contend that the release of the information sought by plaintiffs "is clearly not in the public interest and petitioners and their members will suffer substantial and irrepara-

37

ble injury" by the release of the information. The Teachers Unions also enumerated additional reasons why the plaintiffs' request should be denied. For the reasons which follow, plaintiffs' request for an injunction compelling disclosure of the information will be granted.

## ISSUE

Whether the names, salaries, and job or position titles of the Virgin Islands Government employees earning $40,000.00 or more annually are public information pursuant to Title 3 sections 881 et seq. of the Virgin Islands Code.

## DISCUSSION

The discussion commences with the pertinent sections of the local Public Record statute, which defines the rights of the parties, what constitutes public records and what constitutes employees' confidential records.[1] Additionally, the language of the statute elu-

---

[1] The following public records shall be kept confidential, unless otherwise ordered by a court, by the lawful custodian of the records, or by another person duly authorized to release information:
1. Personal information in records, regarding a student, prospective students, or former students of a public or nonpublic school or educational institution maintaining such records.
2. Hospital records and medical records of the condition, diagnosis, care or treatment of a patient or former patient, including outpatients.
3. Trade secrets which are recognized and protected as such by law.
4. Records which represent and constitute the work product of an attorney, which are related to litigation or claim made by or against a public body.
5. Peace officers investigate reports, except where disclosure is authorized elsewhere in this Code.
6. Reports to governmental agencies which, if released, would give advantage to competitors and serve no public purpose.
7. Appraisals or appraisal information concerning the purchase of real or personal property for public purposes, prior to public announcement of a project.
8. Information regarding negotiations with a prospective beneficiary for investment incentive benefits.
9. Criminal identification files of the U.S. Virgin Islands Police Department (V.I.P.D.). However, records of current and prior arrests shall be public records.
10. Personal information in confidential personnel records of the Division of Personnel or other department or agency where same may be kept.
11. Information concerning elderly and disabled adult abuse maintained under Title 34, chapter 15, VIC.

cidates the intent of the statute and delineates those records which are exempted from public scrutiny. 3 V.I.C. 881 provides in pertinent part:

"(a) When used in this chapter 'public records' includes all records and documents of or belonging to this Territory or any branch of government in such Territory or any department, board, council or committee of any branch of government.

(b) Every citizen of this Territory shall have the right to examine all public records and to copy such records, and the news media may publish such records, unless some other provisions of the Code expressly limits such right or requires such records to be kept secret or confidential."

The statutory language makes disclosure of public record the general rule and only defers to the artfully crafted exceptions articulated in subsection (g) of section 881 supra under the umbrella of "confidential records." But, the information plaintiffs seek is not expressly encoded in any of the exceptions or the confidential information covered by subsection (g). Moreover, with the possible exception of subsubsection 10, it would dictate a tortuous reading of the statute to conclude that the information sought is included in any of the other statutory exceptions.

In resolving this controversy, the Court attempted to obtain the legislative history of the Public Record Act. The Legislature's Archivist informed the Court that the Legislative history is unavailable. Despite the absence of a legislative history, sufficient information exists with which to decide this controversy.

■ The Court found ample case precedent which, together with the statutory language, mandates the conclusion that names, salaries, and job or position titles are public information.

Undeniably, the information plaintiffs' seek is the record of a government department (see section 681(a)). The only matter for resolution is whether the information is an exception to what constitutes public records. Case law from other jurisdictions is most instructive on the issue.

In The State ex rel. Petty v. Wurst, 550 N.E. 2d 214; 49 Ohio App. 3d 59 (1989) the Court was confronted with a Public Record Act, which is similar in part to ours. The Court, however, concluded that a "County employee's name, classification of job title, salary rate and gross salary were not excepted from disclosure require-

ments [of the] Public Record Act." The Appellate Court further concluded that releasing the same information would not violate the employee's right to privacy. The Court likewise concluded that in construing the "Public Record Act," public policy requires a liberal construction of the provision defining public record and a strict construction of the exceptions.

In expanding the above concept in the case of In the Matter of Garnett Co., Inc., v. County of Monroe, et al., 45 N.Y. 2d 954, 383 N.E. 2d 1151 (1978), the Court held that the name, job title, and salary levels of former county employees who were terminated as a result of budget reductions were subject to disclosure, under the Freedom of Information Law.

In another case of merit, Hastings and Sons Publishing Company v. City Treasurer of Lynn, 374 Mass. 812; 375 N.E. 2d 299 (1978), city policemen sought injunctive relief to prohibit the disclosure of the financial records of members of the City of Lynn's Police Department. On appeal, the Court affirmed the lower court order and judgment holding that "payroll records of municipal employees, including records of disbursements to police for off-duty work details are subject to disclosure." In commenting on the lower court's decision, the State Supreme Court added that there was no showing that disclosure of payroll records would constitute an invasion of personal privacy. The Court opined that "While we appreciate an employee's desire not to have his or her income publicized, the plaintiff is not seeking disclosure of facts involving 'intimate details' of a 'highly personal' nature.

In further advancing the concept of permitting public disclosure of public employees' payroll records, the Court asserted that "Even if disclosure of municipal payroll records would bring the right of privacy into play, the paramount right of the public to know what its public servants are paid must prevail."

In 1984, the Supreme Court of Georgia endeavored to construe its Open Record Act when a newspaper publisher filed suit, seeking to compel disclosure of the names and salaries of employees of the County Hospital Authority in Richmond County, who earned $28,000.00 or more annually. The Court held that it was not error for the lower court to compel the disclosure to a newspaper publisher of the names and salaries of those persons employed by the authority who earned $28,000.00 or more a year. Richmond County Hospital Authority d/b/a University Hospital, et al. v. South-

eastern Newspapers Corporation, 252 GA. 191; 311 SE 2d 806; (1984). The State Supreme Court further asserted that "The public has a legitimate interest in the operations of this institution and the salaries paid to those employed there. We find that disclosure of the requested names and salaries would not be an invasion of personal privacy as contemplated by the General Assembly to permit an exemption from disclosure."

Likewise, in Mans v. Lebanon School Board, 112 N.H. 160, 290 A.2d 866 (1972), New Hampshire's Supreme Court reviewed the State's "Right to Know Law" and concluded that the Legislature had determined that disclosure of school teachers' salaries is not a disclosure of those intimate details, which "would constitute invasion of privacy." Nor are they the "intimate details . . . the disclosure of which might harm the individual."

The case precedent clearly signals the emergence of the "public's right to know" the salaries paid to public employees and the employees' job titles.

This Court finds that the disclosure of public employees' names, salaries, job titles or positions are neither private nor confidential information. Public employees are employed by one of the levels of government and, therefore, indirectly employed by the public. Who is hired for what position, the titles assigned to those positions, and the salaries paid to those holding particular positions are information the employer-public has a right to know. The fact that public employees may prefer that the public not know how much they earn or that they may be embarrassed by disclosure of such information is of no moment. This sentiment is echoed in 3 V.I.C. 881(h), which states that in seeking to enforce compliance with the Public Record Statute by judicial intervention, the District Court ". . . shall take into account the policy of this chapter that free and open examination of public records is generally in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or to others . . . ."

Moreover, other than to claim that members of their unions have a "right of privacy" in the information plaintiffs seek, defendants-intervenors do not fully explain how their employees have a cognizable right of privacy under the Public Record Statute, regarding the disclosure of the information.

41

## CONCLUSION

The Court concludes that considering the unambiguous language of our Public Record Statute and the statute's purpose and intent, neither the Defendants nor Defendant-Intervenors have any legitimate claim of a right of privacy sufficient to preclude disclosure of the information plaintiffs seek. Therefore, plaintiffs' request for injunctive relief compelling disclosure of the information, namely the names, salaries, job titles or position titles of Government employees earning $40,000.00 or more per annum is granted.

## ORDER

Before the Court is plaintiffs' request for a Writ of Mandamus or injunctive relief, seeking to compel disclosure of the names, salaries, and job or position titles of Public employees earning $40,000.00 or more annually. The premises considered; it is hereby

ORDERED that both the Legislature and Executive Branches of the Government of the Virgin Islands are permanently enjoined and prohibited from withholding from plaintiffs the names, salaries, and job or position titles of public employees in both Branches of Government earning $40,000.00 or more per annum.