OPINION
Jeffrey C. Bothwell, pro se, is appealing the grant of summary judgment by the trial court to Montgomery County Sanitary Engineering Department, et al., Respondents. On April 16, 1998, Relator filed an action in mandamus pursuant to R.C. 149.43(C) seeking the release of certain public records to him. In his complaint, Relator sought two different sets of public records: first, "appraisal documents, notes, reports, comparable values and similar materials applying to" his own property for which Montgomery County had notified him of its request for easements in connection with a public project; second, "appraisal reports and related documentation for properties associated with Montgomery County public works project 9602-S/W for which easements had been finalized." (Complaint, docket 1). Relator had made a public records request for the first set of documents on January 6, 1998, and for the second set of documents on March 11, 1998.
Subsequently, on May 12, 1998, Montgomery County filed an appropriation action against Relator, identified as Case No. 98-1706.
On June 8, 1998, Respondents filed a motion to dismiss the mandamus action, or in the alternative, for summary judgment. On September 15, 1998, the trial court refused to dismiss the mandamus action, noting that pursuant to R.C. 149.43(C), a writ of mandamus is the appropriate remedy for failure to disclose a public document. However, the trial court did grant the Respondents summary judgment on the grounds that documents sought were trial preparation records, which are specifically excluded by statute from the category of disclosable public records. Relator timely appealed.
Before the appeal came to issue in this court, Respondents and Relator settled the public appropriation case involving the Relator and, in the process, it is brought to our attention that the appraisal reports sought by the Relator in regard to his own property were, in fact, reviewed by him and exchanged with the appraisal reports the Relator had himself prepared. The appropriation action was then settled on the same date that the appraisal reports were exchanged, and a settlement agreement was actually signed and dated on January 22, 1999.
This court issued a show cause order on June 1, 1999, asking the Relator to demonstrate to this court why his appeal is not moot. The Relator filed a response, and the Respondent timely filed an answer to Relator's response.
Nowhere in the record or in briefs and memoranda does the Relator dispute that he did, in fact, receive copies of the public documents he requested in his complaint for mandamus with regard to his own property. Therefore, the issue as to those documents is indeed moot, and insofar as the summary judgment decision of the trial court relates to those documents, it is affirmed.
As to the second set of documents requested by Relator in his complaint, there is nothing in the record to show that all of these were made available to the Relator, although the Respondents insist in their brief that at least some of them were offered for review by Respondent. No hearing was held by the trial court with regard to Respondents' complaint, and it apparently merely accepted Respondents' assertion in their motion for summary judgment that the appraisal and other reports with regard to any property that might be the subject of the appropriation action were, ipso facto, trial preparation records. However, we do not find such bare assertion to be evidence supporting such a claim of exemption from the public records law. Public officials must be given an adequate opportunity to present evidence about claimed exemptions. State ex rel. Lowery v. Cleveland (1993), 67 Ohio St.3d 126,127. "A governmental body refusing to release records has the burden of proving that the records are excepted from disclosure by R.C. 149.43." State ex rel. Ntl. Broadcasting Co.v. Cleveland (1988), 38 Ohio St.3d 79, 526 N.E.2d 786, paragraph 2 of the syllabus. We do not find it self-evident that all appraisals of property made by a public agency have to be trial preparation records when, in fact, they are obtained for the purpose of and in support of an offer by the agency to buy private property. It would seem apparent that the disclosure of these appraisals to the property owner would facilitate the purchase of the property prior to the necessity of an appropriation action being filed. However, the Respondents must have the opportunity to demonstrate through testimony or other evidence to a trial court that all the records sought by Relator in his mandamus action, other than those which are now moot as relating to his own property, must be shielded from public scrutiny in order not to prejudice any appropriation actions that have to be filed.
In its response to the Relator's response to our show cause order, the Respondents argue that Relator does not have a beneficial interest in records and property appraisals of property other than his own and, therefore, he cannot state a proper claim for relief in mandamus, citing State ex rel. Snyder v. StateControlling Bd. (1983), 11 Ohio App.3d 270. However, Relator does not need an interest in public records sought under that law and, in fact, the motive of any person requesting an examination of public records is irrelevant. 1990 Ohio Atty.Gen.Ops. No. 90-050.
Finally, Relator asserts that he should be entitled to his court costs. While R.C. 149.43 does authorize the award of "reasonable attorney's fees to anyone who institutes a mandamus action, such awards are not mandatory." State ex rel. BeaconJournal Publishing Co. v. Akron Metro. Hous. Auth. (1989), 42 Ohio St.3d 1,2. Moreover, R.C. 149.43(C) authorizes only "attorney fees," and not compensation to pro se litigants. Fant v. Bd. ofTrustees, Regional Transit Auth. (1990), 50 Ohio St.3d 72,552 N.E.2d 639, rehearing denied, 51 Ohio St.3d 705, 555 N.E.2d 322, certiorari denied (1990), 498 U.S. 967 111 S.Ct. 429,112 L.Ed.2d 413. We, therefore, make no award to Relator.
The summary judgment as it relates to property appraisals and other documents concerning properties not owned by Relator will be reversed. The case will be remanded for the trial court to consider, after such hearing and receiving evidence that it deems proper, whether the Respondents have proved an exemption to the public records law in this matter. The Respondents have the burden of proof that the records are exempt. The trial court will keep in mind that anything a public office utilizes to carry out its duties is a "public record," State ex rel Jacobs v. Prudoff
(1986), 30 Ohio App.3d 89, and that because a liberal construction of the public records law is required, any doubt must be resolved in favor of disclosure. State ex rel. Petty v. Wurst (1989),49 Ohio App.3d 59.
The judgment is affirmed in part, reversed in part, and the case is remanded for further proceedings not inconsistent with this opinion.
GRADY, P.J. and WOLFF, J., concur.
Copies mailed to:
Jeffrey C. Bothwell
Chris R. Van Schaik
Hon. Barbara P. Gorman