THE KROGER CO., APPELLANT, v. BOWERS, TAX COMMR., APPELLEE.

[Cite as Kroger Co. v. Bowers, Tax Commr., 3 Ohio St. 2d 76.]

(No. 39054—Decided July 7, 1965.)

*Messrs. George, Greek, King & McMahon, Mr. Darold I. Greek* and *Mr. Kiehner Johnson*, for appellant.

*Mr. William B. Saxbe*, attorney general, *Mr. Jon A. Ziegler* and *Mr. Edgar L. Lindley*, for appellee.

*Per Curiam.* The taxpayer contends that its use of the optional methods of depreciation for federal income tax purposes has the effect of merely suspending the payment of a portion of that tax which will certainly be paid in future years as its depreciable assets reach exhaustion and the rate of depreciation decelerates.

It, therefore, maintains that the total amount which it characterizes as "deferred income taxes" is a liability and as such is deductible from its surplus in computing its annual corporation franchise tax.

The difficulty with this contention is that Section 5733.05, Revised Code, expressly includes as a part of the total value upon which the burden of the franchise tax is imposed, "reserves, but exclusive of:

"(A) Reserves for accounts receivable, depreciation, depletion and any other valuation reserves with respect to specific assets;

"(B) Taxes due and payable during the year for which such report was made."

As a "reserve" for future taxes, the item in question is not deductible for the reason that it is neither a "valuation" reserve nor one of the other reserves enumerated in subparagraph (A). As a liability for taxes payable in future years, the item fails to qualify as a deduction under subparagraph (B), the clear purpose of which is to exclude from the franchise tax base only that portion of any taxes due and payable during the year upon which the annual corporate report is based which in fact remains unpaid. Obviously, all such taxes which are, in fact, paid during that year are, in the nature of the accounting process, automatically removed from surplus.

No more appropriate application of the rule of *expressio unius est exclusio alterius* is conceivable. Having designated current taxes as excludable from the tax base, the statute will not, under the rule, be construed as permitting the exclusion of future taxes.

It is, therefore, unnecessary to consider the contingent nature of the "liability." Potential it is, although to what degree depends entirely upon the taxpayer's prospects, at the end of any one annual period, for future taxable income, and for maintaining against the wary eye of federal auditors its current schedules of depreciation, as well as upon its rate of turnover of depreciable assets and the market for retired assets, not to mention the constancy of the federal income tax rate. Certain it is that the item in question has no such absolute character as to classify it with a note, a mortgage, or an account payable

which might earn it exclusion from the franchise tax, but for the specific language of the statute herein set forth.

*National Tube Co.* v. *Peck, Tax Commr.*, 159 Ohio St. 98, which compelled the Tax Commissioner to accept as ''correct'' the value of inventory as recorded on the books of the taxpayer and used by the taxpayer as the basis for all its financial and earnings reports, has but passing application here, where the taxpayer does not claim for its depreciable assets a value less than that recorded on its official books. On the other hand, if it had chosen to adopt for book purposes the value determined by the use of one or more of the bona fide accelerated methods of depreciation, the Tax Commissioner would undoubtedly have been bound by such determination under the language of Section 5733.05, Revised Code, and *National Tube.*

However, Kroger seeks a three-fold advantage. It insists that only by the straight-line method can it accurately portray the condition of its affairs to its shareholders, to the various regulatory bodies to whom it must periodically report, and to the public. Second, it sought and apparently is obtaining the benefits of the other methods of depreciation for income tax purposes. Third, it seeks a corollary Ohio franchise tax advantage. The last is proscribed by the express provision of the statute.

Accordingly, we cannot find that the decision of the Board of Tax Appeals is unreasonable or unlawful and it must, therefore, be affirmed.

*Decision affirmed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT, SCHNEIDER and BROWN, JJ., concur.