OHIO RURAL ELECTRIC COOPERATIVES, INC., ET AL.,
APPELLANTS, *v.* PUBLIC UTILITIES COMMISSION OF OHIO,
APPELLEE.

(No. 78-573—Decided June 20, 1979.)

Messrs. *George, Greek, King, McMahon & McConnaughey, Mr. Robert P. Mone, Mr. Mark D. Senff* and *Ms. Carol S. Connor,* for appellants.

*Mr. William J. Brown,* attorney general, *Mr. Marvin J. Resnik* and *Mr. Kevin F. Duffy,* for appellee.

HOLMES, J. The primary issue raised by this appeal was determined adversely to appellants in *Columbus* v. *Pub. Util. Comm.* (1979), 58 Ohio St. 2d 427, decided this day. However, in the interest of clarifying the issues of

statutory construction raised by appellants, we shall discuss these issues briefly.

R. C. 4905.70 provides, in part, that:

"* * * The public utilities commission, by a rule adopted no later than October 1, 1977, and effective and applicable no later than November 1, 1977, shall require each electric light company to offer to such of their residential customers whose residences are primarily heated by electricity the option of their usage being metered by a demand or load meter. A customer who selects such option may, under the rule, be required by the company, where no such meter is already installed, to pay for such meter and its installation. The rule shall require each company to bill such of its customers who select such option for those kilowatt hours in excess of a prescribed number of kilowatt hours per kilowatt of billing demand, at a rate per kilowatt hour that reflects the lower cost of providing service during off-peak periods."

The term "electric light company" is not defined in the body of this section. The commission, in ordering appellants to comply with Rule 4901:1-10-01, Ohio Adm. Code, relied upon the definition found in R. C. 4905.03(A)(4), which, if applicable, would extend the commission's jurisdiction to nonprofit rural electric companies for purposes of R. C. 4905.70. R C. 4905.03 provides:

"As used in sections 4905.01 to 4905.64 of the Revised Code:

"(A) Any person, firm, copartnership, voluntary association, joint-stock association, company, or corporation, wherever organized or incorporated, is:

"* * *

"(4) An electric light company, when engaged in the business of supplying electricity for light, heat, or power purposes to consumers within this state;"

Although this section purports to apply only to R. C. 4905.01 to 4905.64, and therefore might invoke the maxim *expressio unius est exclusio alterius* (*Kroger Co. v. Bowers* [1965], 3 Ohio St. 2d 76, 78), the commission found

that the term "electric light company" had acquired a fixed legal significance, and includes nonprofit companies within its embrace. See *Palmer* v. *Darby* (1901), 64 Ohio St. 520. Appellants contend that *Palmer, supra,* is inapplicable, in that the holding of that case was premised on the fact that the phrase involved therein had always been used in the same sense. Appellants cite several sections of the Revised Code in which the term "electric light company" is meant to specifically exclude non-profit rural electric companies or municipally owned or operated electric light companies. Thus, it is contended that the term has no fixed meaning in law.[2]

Appellants contend further that the term "electric light company" is used 17 times in Am. Sub. H. B. No. 230. Fourteen of those times the term is followed by the term "rural electric company." Appellants assert that it is clear from this fact that the General Assembly has drawn a distinction between the terms and did not intend them to be synonymous.

Finally, appellants urge that because nonprofit rural electric companies are not subject to the general jurisdiction of the commission, and because R. C. 4905.70 contains no procedural machinery for enforcement, the statute is not "feasible of execution" if construed to apply to nonprofit rural electric companies.

Although all of appellants' arguments would be valid and convincing, were the legislative intent ambiguous, the General Assembly has clearly spoken to this issue.

Section 12 of Am. Sub. H. B. No. 230 states:

"All provisions of this act shall be construed to apply to electric light, natural gas, or gas companies operated not for profit and to their customers. With the exception of the provisions of section 5727.31 of the Revised Code as amended by this act, all provisions of this act shall

---

[2] R. C. 4905.03 and 4909.01 specifically exclude nonprofit electric light companies or municipally owned or operated electric light companies from being subject to the provisions of R. C. 4905.301, 4905.66, 4905.68, 4905.69, 4909.181 and 4909.191.

be construed to apply to electric light, natural gas, or gas companies owned or operated by a municipal corporation and to their customers."

As stated in *Columbus* v. *Pub. Util. Comm.*, *supra*, we find "[t]he language of Section 12 itself to be a plain and unambiguous expression of the General Assembly's intent" to require not-for-profit rural electric companies to comply with the rule promulgated by the commission, consistent with R. C. 4905.70. "Where the language itself clearly expresses the legislative intent, the courts need look no further." *Katz* v. *Dept. of Liquor Control* (1957), 166 Ohio St. 229, 231. See, also, *Carmelite Sisters, St. Rita's Home,* v. *Bd. of Review* (1969), 18 Ohio St. 2d 41, 46; *Provident Bank* v. *Wood* (1973), 36 Ohio St. 2d 101, 105.

Appellants also contend that Rule 4901:1-10-01, Ohio Adm. Code, expressly applies only to electric light companies subject to the jurisdiction of the commission, and that because they are not subject to the general jurisdiction of the commission, the rule does not apply to them. It is clear, however, that appellants are subject to the limited jurisdiction conferred upon the commission by R. C. 4905.70. Therefore, appellants are, as found by the commission, subject to the jurisdiction of the commission for purposes of Rule 4901:1-10-01.

This court holds that R. C. 4905.70 was intended to apply to nonprofit rural electric companies such as appellants. The commission did not err in ordering appellants to comply with the provisions of Rule 4901:1-10-01. The commission's order in this cause, is, therefore, affirmed.

*Order affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

LOCHER, J., concurs in the judgment only.