CRAFTSMAN TYPE, INC., APPELLANT, *v.* LINDLEY, TAX COMMR., APPELLEE.

[Cite as Craftsman Type, Inc. *v.* Lindley (1983), 6 Ohio St. 3d 82.]

(No. 82-1665—Decided July 27, 1983.)

*Messrs. Cross & Turner* and *Mr. Emerson R. Keck,* for appellant.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. James C. Sauer,* for appellee.

LOCHER, J. Appellant's rationale for seeking the reversal of the Board of Tax Appeals' decision is tripartite. First, appellant asserts that the operation of the principle of *expressio unius est exclusio alterius* (expression of one thing implies exclusion of another) removes the transfer of reproduction proofs from the definition of taxable "sales" set forth in R.C. 5739.01(B). Secondly, appellant argues that no tax liability has accrued as its customers purchase the proofs exclusively for uses specifically designated in R.C. 5739.01(E) as tax exempt. Finally, appellant contends that the transactions represent the rendition of non-taxable personal or professional services in

which the tangible personal property transferred, *i.e.,* the proofs, is inconsequential. R.C. 5739.01(B). For the following reasons, we dismiss each of appellant's claims.

R.C. 5739.01(B) provided at the time of the assessment herein, in pertinent part:

" 'Sales' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is or is to be granted; * * * and include all transactions by which printed, imprinted, overprinted, lithographic, multilithic, blueprinted, photostatic, or other productions or reproductions of written or graphic matter are or are to be furnished or transferred; for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange, and by any means whatsoever; * * *."

Relying upon the principle *expressio unius est exclusio alterius,* appellant urges that the General Assembly's failure to expressly include transactions in which reproduction proofs are to be transferred or furnished with those explicitly delineated as taxable in R.C. 5739.01(B) evinces the General Assembly's intent to exclude the former from taxation. Appellant, however, not only improperly construes "includ[ing]" as it is used in the statute, but also ignores the presumption of taxability found in R.C. 5739.02.

Both the common and general statutory usage of the word "including" significantly discredit the providence of applying the doctrine of *expressio unius est exclusio alterius* to the instant action. Indeed, earlier this year, we rejected an interpretation of "including" identical to that presently advanced by appellant. In *In re Hartman* (1983), 2 Ohio St. 3d 154, 156, this court stated: " 'Including' is a word of expansion rather than one of limitation or restriction." Therefore, the omission of transactions involving reproduction proofs from the chronicle of transfers following "includ[ing]" in R.C. 5739.01(B) cannot reasonably be read as a concerted attempt by the General Assembly to exclude such transfers from imposition of the sales tax.

More importantly, however, R.C. 5739.02 renders the principle of *expressio unius est exclusio alterius* completely inapposite in the present context. The statute reads in pertinent part:

"For the purpose of the proper administration of sections 5739.01 to 5739.31 of the Revised Code, and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established."

Thus, the statute requires that a vendor overcome the presumption that the transfers in which he has engaged are taxable in order to avoid an assessment. Appellant's unsupported pronouncement that the General Assembly's failure specifically to provide for the taxability of the subject transactions precludes the levying of a sales tax assessment thereon hardly constitutes the probative evidence of non-taxability necessary to negate the presumption. Indeed, as this court stated in paragraph two of the syllabus in *National Tube*

*Co.* v. *Glander* (1952), 157 Ohio St. 407 [47 O.O. 313]: "Statutes relating to exemption or exception from taxation are to be strictly construed, and one claiming such exemption or exception must affirmatively establish his right thereto." See, also, *May Company* v. *Lindley* (1982), 1 Ohio St. 3d 6, 9; *Cooperative Pure Milk Assn.* v. *Kosydar* (1976), 45 Ohio St. 2d 23, 24 [74 O.O.2d 417]. Appellant has in no way met its burden.

We thus hold that reliance solely upon the principle of *expressio unius est exclusio alterius* in construing R.C. 5739.01(B) is insufficient to overcome the presumption of taxability embodied in R.C. 5739.02 and shield a transaction from imposition of sales taxes.

For similar reasons appellant's contention that the transfers of reproduction proofs are exempt from sales taxation under R.C. 5739.01(E)[1] must also fail. First, appellant, in contravention of R.C. 5739.03(B),[2] did not timely secure the required certificates from its customers to support its claimed exemptions. Appellant responds, however, that such failure is, under the latter provisions of R.C. 5739.03(B), excused because its clients, particularly the advertising agencies, in purchasing reproduction proofs, are never subject to sales tax since the use to which they put the proofs is tax exempt.

This court would most willingly accept appellant's argument had appellant adduced, within the period permitted under R.C. 5739.03(B), sufficient proof that its customers' purchases of the subject goods were always

---

[1] R.C. 5739.01(E) provides in relevant part:

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(7) To incorporate the thing transferred as a material or a part into, or to use or consume the thing transferred directly in the production of, magazines distributed as controlled circulation publications;

"(8) To use or consume the thing transferred in the production and preparation in suitable condition for market and sale of printed, imprinted, overprinted, lithographic, multilithic, blueprinted, photostatic, or other productions or reproductions of written or graphic matter;"

In short, appellant avers that its transfers of reproduction proofs are tax exempt because the purchasers use the proofs solely to produce magazines or other printed, imprinted, etc. materials.

[2] R.C. 5739.03(B) reads in pertinent part:

"If any sale is claimed to be exempt under division (E) of section 5739.01 of the Revised Code or under section 5739.02 of the Revised Code, with the exception of divisions (B)(1) to (B)(11) of section 5739.02, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply.

"Certificates need not be obtained nor furnished where the identity of the consumer is such that the transaction is never subject to the tax imposed or where the item of tangible personal property sold is never subject to the tax imposed, regardless of use, or when the sale is in interstate commerce."

tax exempt. Appellant, however, offered nothing beyond a self-serving, conclusory assertion of non-taxability to substantiate its claim. Having failed to submit the requisite exemption certificates, appellant was bound to do more than it did to overcome the exacting presumption of taxability found in R.C. 5739.02. *Union Metal Mfg. Co.* v. *Kosydar* (1974), 38 Ohio St. 2d 53 [67 O.O.2d 72]. Again, appellant mistakenly relied on a contention unsupported by evidence to meet its burden of proof.

Finally, appellant argues that, as it offers a professional service in which the transfer of tangible personal property is incidental, its transactions are tax exempt under R.C. 5739.01(B).[3] We must dismiss appellant's claim, however, as appellant failed to preserve this issue for review.

R.C. 5717.02 provides, *inter alia,* for the appeal of the Tax Commissioner's determinations to the Board of Tax Appeals. As to the proper format for the statutorily mandated notice of appeal, R.C. 5717.02 states in pertinent part:

"* * * The notice of appeal shall set forth, or have attached thereto and incorporated therein by reference, a true copy of the notice sent by such commissioner to the taxpayer of the final determination complained of, and shall also specify the errors therein complained of."

It is axiomatic that when a right to appeal is conferred by legislative enactment, the statute's prescriptions must all be strictly complied with in order to invoke the jurisdiction of the appropriate appellate tribunal. *Lenart* v. *Lindley* (1980), 61 Ohio St. 2d 110 [15 O.O.3d 152]; *Queen City Valves* v. *Peck* (1954), 161 Ohio St. 579 [53 O.O. 430]; *American Restaurant & Lunch Co.* v. *Glander* (1946), 147 Ohio St. 147 [33 O.O. 38]. In its notice of appeal to the Board of Tax Appeals, appellant failed to raise its contention that it is a purveyor of professional services whose business transactions are by law exempt from sales taxation. As the issue was never properly raised, the board had, and all subsequent reviewing bodies have, no authority to adjudicate the matter. Consequently, the issue of whether typesetters do indeed provide professional services within the context of R.C. 5739.01(B) is not before this court.

The decision of the Board of Tax Appeals, upholding appellee's sales tax assessment of appellant's reproduction proof transfers, being neither unreasonable nor unlawful, is therefore affirmed.

*Decision affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and C. BROWN, JJ., concur.

HOLMES and J. P. CELEBREZZE, JJ., dissent.

---

[3] R.C. 5739.01(B) provides in pertinent part:

"* * * Other than as provided in this section, 'sale' and 'selling' do not include professional, insurance, or personal service transactions which involve the transfer of tangible personal property as an inconsequential element, for which no separate charges are made."