POLICE & FIRE RETIREES OF OHIO, INC. *v.* POLICE & FIREMEN'S
DISABILITY & PENSION FUND ET AL.

[Cite as Police & Fire Retirees of Ohio, Inc. *v.* Police & Firemen's
Disability & Pension Fund (1985), 18 Ohio St. 3d 231.]

(No. 84-1085—Decided July 17, 1985.)

*Robert M. Draper,* for relator.

*Gurley, Rishel, Martin, Myers & Kopech, Thomas V. Martin* and
*James R. Rishel,* for respondents.

*Per Curiam.* The first question before the court is whether the names
and addresses of the Fund's members are public records within the mean-
ing of R.C. 149.43(A)(1). If they are public records, R.C. 149.43(B) re-
quires that the names and addresses be made available for public inspec-

tion. This court has enunciated a twofold test to determine the existence of public records: (1) the records must be kept by a governmental unit, and (2) the records must be specifically required to be kept by law. *State, ex rel. Beauty Supply Co.,* v. *State Bd. of Cosmetology* (1977), 49 Ohio St. 2d 245, 246 [3 O.O.3d 374].

In fulfillment of the first requirement, the Fund can be characterized as a governmental unit. The Police & Firemen's Disability & Pension Fund was established by the General Assembly in R.C. Chapter 742 and its administration is governed by that chapter. Furthermore, R.C. 102.01(C) specifically defines a "public agency" as including "the five state retirement systems."

The second requirement of the *Beauty Supply Co.* "public records" test is also satisfied as respondents are specifically required by law to keep the records sought by relator. This court in *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107 [74 O.O.2d 209], held that a record is required to be kept for the purposes of R.C. 149.43 if that record is necessary for the governmental unit to execute its duties and responsibilities. While no specific statutory provision requires respondents to keep a file of the names and addresses of its members, R.C. 742.14 defines many of respondents' duties and responsibilities which would require that respondents keep a current list of the Fund's members and their addresses. Thus, according to *Dayton Newspapers,* the names and addresses of the Fund's members are specifically required to be kept by law. Since the Fund is a governmental unit, and since the records sought by relator are specifically required to be kept by law, those records are public records under R.C. 149.43 and subject to inspection by relator.

We further find that this court's decision in *State, ex rel. Public Employees Retirees,* v. *PERS* (1979), 60 Ohio St. 2d 93 [14 O.O.3d 331], is applicable to the case at bar. The facts of that case are virtually identical to the facts in this case. In *PERS* an organization similar to relator wanted continued access to the names and addresses of the members of PERS for the purpose of soliciting members. PERS had been supplying those names and addresses but had ceased doing so. In *PERS* this court held that the names and addresses were public records, not part of the members' personal histories and, thus, accessible to relator. The differences between the two cases are that (1) the organizations involved in each case, though functionally similar, are different and that (2) respondent in *PERS* claimed that providing the requested information would violate its members' privacy, whereas respondents in the instant case claim that providing the requested information could compromise the physical safety of the Fund's members. The first difference is completely inconsequential to the legal similarity of the two cases. The second difference can also be disregarded as the privacy and safety arguments are analogous. In fact, one of the reasons for a privacy right is the maintenance of physical safety. Furthermore, respondents do not allege that any harm has come to any of the

Fund's members as a result of the membership list being available to relator from 1976-1984. Thus, the differences between the *PERS* case and this case do not render *PERS* inapplicable.

In accordance with our decision in *PERS,* we hold that the names and addresses of the Fund's members are public records not specifically exempt from public inspection, and grant a writ of mandamus directing respondents to make those names and addresses available to relator.

*Writ allowed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.