**In re ESTATE OF LARRY.**

[Cite as *In re Estate of Larry* (1990), 69 Ohio App.3d 7.]

Court of Appeals of Ohio,
Franklin County.

No. 89AP–232.

Decided July 31, 1990.

*Teaford, Rich, Belskis, Coffman & Wheeler* and *Lawrence Belskis,* for estate of Charles J. Larry, Jr.

*Jack G. Gibbs, Jr.,* for appellee Charles J. Larry III.

*Anthony J. Celebrezze, Jr.,* Attorney General, and *William Damsel,* for appellant.

---

AMMER, Judge.

Charles J. Larry, Jr. died on May 11, 1988 and was survived by his wife Sharon and his son, Charles J. Larry III. The last will and testament left all of his property to his son with the condition that it be held in trust by BancOhio National Bank. In the will, the decedent nominated his attorney, Bruce L. Cameron, to be the executor of his estate. Cameron was appointed executor of the estate on May 19, 1988.

Charles J. Larry III engaged Jack G. Gibbs, Jr. as his counsel. On June 29, 1988, the Franklin County Court of Common Pleas, Probate Division, issued a

subpoena for deposition, testimony, and production of documents to William McLaughlin, Executive Director of the Public Employees Retirement System of Ohio ("P.E.R.S."), in which McLaughlin was commanded to appear and testify. McLaughlin was further commanded to bring with him copies of all records, notes, charts, and other documents in his possession pertaining to the account of the decedent. McLaughlin failed to appear and failed to supply any of the documents requested.

Counsel for the son desired to review all designation of beneficiary and other such forms to determine if any possible fraud or improprieties had taken place which would result in the funds on deposit with P.E.R.S. being deemed probate assets of the estate of decedent. Pursuant to R.C. 145.43, counsel for the son further desired to review all designation of beneficiaries and any other forms to determine if the decedent designated his estate as beneficiary or if the estate was deemed beneficiary pursuant to R.C. 145.43.

McLaughlin relied on the language contained in R.C. 145.43 and stated that the information requested could not be released without the written authorization of the "individual concerned." McLaughlin considered the "individual concerned" to be the P.E.R.S. member or the beneficiary. P.E.R.S. determined that, since the decedent was a member and he is now deceased, the beneficiary is the only person that can authorize the release of the requested material. McLaughlin indicated that the beneficiary under P.E.R.S. was the surviving spouse.

Counsel for the son then filed a motion for an order to compel McLaughlin to comply with said subpoena. This matter was heard in the probate division and a finding was made by the court that the estate of Charles J. Larry, Jr., is the "individual concerned," and therefore entitled to all designation of beneficiary and other such forms. The probate division further found that the estate is entitled only to designation of beneficiaries and other such forms and not entitled to information and materials as to employment history or amounts of benefits accumulated.

The probate division further found that the estate is entitled to said designation of beneficiary and other such forms to determine if any possible fraud or impropriety had taken place which would result in the funds on deposit with P.E.R.S. being deemed probate assets of the estate of decedent pursuant to the provisions of R.C. 145.43. The court made a further finding that the estate is entitled to said designation of beneficiary and other such forms to determine if the decedent had designated his estate as beneficiary or if the estate was the beneficiary under the provisions of the statute. The court ordered McLaughlin as executive director of P.E.R.S. to comply with the subpoena issued to him and release forthwith to Jack G. Gibbs, Jr., counsel for

Charles J. Larry III, all designation of beneficiary and other such forms in his possession pertaining to the decedent.

Thereafter, Bruce L. Cameron, executor of the estate, executed authorization to P.E.R.S. to release any information concerning the retirement account of decedent to Gibbs. Despite the authorization and order of the probate division, P.E.R.S. still refused to release the requested materials to Gibbs and thereupon filed the instant appeal.

The assignments of error are:

"I. The trial court erred by determining that the estate of a PERS member is entitled to all designations of beneficiary and other forms from PERS, since R.C. 145.27 renders these forms confidential and requires written authorization from the individual concerned before PERS may release the information.

"II. The trial court erred in ordering PERS to release history records concerning an individual PERS member's account to the counsel of a party in a probate case."

■ The appellant contends that the determination by the trial court that the estate is entitled to all designation of beneficiary and other forms from P.E.R.S. is in violation of R.C. 145.27, which renders these forms confidential and requires written authorization from the "individual concerned" before the release of such information.

R.C. 145.27 reads in part as follows:

" * * * The records of the board shall be open to public inspection, except for the following which shall be excluded: the history record as provided for in section 145.16 of the Revised Code, the amount of a monthly allowance or benefit paid to a retirant, beneficiary, or survivor, except with the written authorization of the individual concerned. All medical reports and recommendations provided for in sections 145.35 and 145.39 of the Revised Code, are privileged except that copies of such medical reports or recommendations shall be made available to the member's personal physician, attorney, or authorized agent upon written release from the member or his agent, or when necessary for the proper administration of the fund, to the board assigned physician. Any member of the system shall be furnished with a statement of the amount to the credit of his individual account upon written request by such member. The board is not required to answer more than one such request of a member in any one year."

The appellant contends that the statutory language is clear and unambiguous and such information may not be released without written authorization of the "individual concerned."

The term "individual concerned" is not defined in the statute. In R.C. Chapter 145, however, reference is made to persons specified in R.C. 145.27. The P.E.R.S. contends that the meaning of the term "individual concerned" should be interpreted according to the proper grammatical effects of its arrangement within the statute. *Davis v. Halter* (1944), 79 Ohio App. 419, 35 O.O. 205, 74 N.E.2d 207, and therefore, the correct interpretation of the meaning of "individual concerned" is a member, retirant, beneficiary or survivor. It is contended by appellant that the trial court erred in deciding that an estate of a deceased member was also included within the term "individual concerned," and that the correct interpretation of that phrase is a member/retirant, beneficiary or survivor. The appellant further contends that since the trial court ruled that the estate would only be entitled to designation of beneficiary and other such forms, and is not entitled to information concerning employment history or benefits, the court's action is in support of its motion relative to the interpretation of the statute, *i.e.*, that R.C. 145.27 does not include the estate as the individual concerned. It is further contended by the appellant that the maxim *"expressio unius est exclusio alterius,"* *i.e.*, the naming of the specific classes implies the exclusion of those not named, is applicable. *Craftsman Type, Inc. v. Lindley* (1983), 6 Ohio St.3d 82, 6 OBR 122, 451 N.E.2d 768; *Kroger Co. v. Bowers* (1965), 3 Ohio St.2d 76, 32 O.O.2d 55, 209 N.E.2d 209; *State, ex rel. Speeth, v. Carney* (1955), 163 Ohio St. 159, 56 O.O. 194, 126 N.E.2d 449; *State v. Amman* (1946), 78 Ohio App. 10, 33 O.O. 379, 68 N.E.2d 816.

In this case, the decedent died without designating a beneficiary for his P.E.R.S. benefits. Pursuant to the provisions of R.C. 145.43(B), the benefits were paid to the beneficiary who qualified under the terms of the statute, to wit: the surviving spouse. It appears that under the provisions of R.C. 145.43(B), only when there is not a surviving spouse, child or parent, will the estate be the beneficiary. The appellant contends that inasmuch as decedent did have a surviving spouse, R.C. 145.43(B) required P.E.R.S. to pay the benefits to his spouse as the "individual concerned." Appellant contends that in order to release the information the surviving spouse must provide a written authorization.

Upon a person's death, his estate becomes his personal representative for all legal purposes, including debt collection, income collection, management of property, transferring of the assets, filing of tax returns, and other related matters. The appellee contends that the estate is the personal representative of the deceased person for all purposes and is therefore the "individual concerned."

In the instant case, the executor has executed authorization to P.E.R.S. to release any and all information concerning the retirement account to Jack G. Gibbs, Jr., attorney for the son.

The appellee contends that similar determinations have been made in other cases. In the case of *State, ex rel. Public Employees Retirees, v. Pub. Emp. Retirement Sys.* (1979), 60 Ohio St.2d 93, 14 O.O.3d 331, 397 N.E.2d 1191, the Supreme Court found that the P.E.R.S. membership list is not excepted from public inspection. The appellee contends that designation of beneficiaries is similar to membership lists and therefore should be open to public inspection.

In the case of *Police & Fire Retirees of Ohio, Inc. v. Police & Firemen's Disability & Pension Fund* (1985), 18 Ohio St.3d 231, 18 OBR 289, 480 N.E.2d 482, the Supreme Court found that the names and addresses of members of the police and firemen's disability and pension fund are public records and subject to public inspection. The appellees contend that the designation of beneficiary is similar to the list of members of the police and firemen disability pension fund, and therefore, should be subject to public inspection.

In the case of *State, ex rel. Dispatch Printing Co., v. Wells* (1985), 18 Ohio St.3d 382, 18 OBR 437, 481 N.E.2d 632, the newspaper sought access to the civil service personnel files of a detective. The court found that the civil service personnel files were public records and subject to inspection by the media. The appellee contends that if those files are subject to public inspection, the designation of beneficiaries and other such forms of a public employee are also subject to public inspection and subject to the subpoena powers of the court.

The court finds that the trial court did not err by determining that the estate of a P.E.R.S. member is entitled to all designation of beneficiary and other such forms and that the first assignment of error is not well taken and is overruled.

The second assignment of error is that ordering P.E.R.S. to release history records concerning an individual P.E.R.S. member's account to counsel of a party in a probate case is contrary to statute. The appellant contends that this order totally ignores the requirement for written authorization from the "individual concerned" under R.C. 145.27 and is inconsistent with the probate court's determination that the estate is the "individual concerned." In this case, the appellee did not seek to obtain written authorization from the beneficiary, to wit: the surviving spouse, but instead requested a court order to P.E.R.S. to release the information. The appellant contends that the court disregarded the plain language of the statute and concluded that R.C. 145.27 does not apply to the estate and the attorney representing a party in the probate case. The appellant further claims that the trial court's designation

incorrectly exempts the estate and party to a probate case from complying with restrictions in R.C. 145.27.

Appellee claims that the trial court did not err based on all reasons and arguments as to the first assignment of error.

The court, having previously reviewed in the first assignment of error the contention relative to the release of such information, is of the opinion that those reasons and arguments as previously set forth are applicable to the second assignment of error. The court therefore determines that the probate division did not err in ordering P.E.R.S. to release the history records concerning an individual P.E.R.S. member's account to the counsel of a party in a probate case. The second assignment of error is not well taken and is overruled.

For the foregoing reasons, the assignments of error are overruled and the judgment is affirmed.

*Judgment affirmed.*

REILLY, P.J., and PEGGY BRYANT, J., concur.

WILLIAM AMMER, J., of the Pickaway County Court of Common Pleas, sitting by assignment.