[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
This appeal is taken by appellant Paul D. Jones ("Jones") from a decision of the Board of Tax Appeals ("the Board") affirming the sales tax assessment of Roger W. Tracy, the Tax Commissioner of Ohio ("Commissioner").
Jones owns a business that sells games of chance and prizes to other organizations as fund raising tools. The Commissioner, while conducting a general investigation into bingo supply sellers, found that Jones had failed to collect sales tax or to obtain the required certificates of exemption. The Commissioner then notified Jones that he had sixty days to produce evidence that his sales were exempt from taxation from January 1, 1990 to April 30, 1993. Upon receiving the Commissioner's notice, Jones attempted to obtain evidence of the exempt status of his customer's purchases, but most did not respond. Three customers provided the requested information and were excluded from the audit. Three other customers were excluded based upon the examiner's knowledge of the nature of those customers as exempt.[1]
On September 26, 1995, an administrative hearing was held by the Commissioner. Jones offered no additional documentary evidence to establish that his sales should be exempt from sales tax. Instead, Jones merely restated his position that he was a wholesaler and, thus, his sales were not subject to sales tax. The Commissioner levied an assessment against Jones for $38,326.41 by journal entry on January 31, 1996. Jones appealed this determination to the Board.
On March 7, 1997, the Board held an evidentiary hearing to receive additional evidence. Jones again testified to his belief that his sales were of a wholesale nature and exempt from sales tax. The Board issued its judgment affirming the assessment of the Commissioner on March 20, 1998. It is from this judgment that Jones appeals.
Jones asserts the following assignments of error:
 The bulk sale of game of chance paraphernalia, and in the same form, manner and container as received by the bulk seller from the manufacturer to social clubs, churches and various other types of businesses who in turn sell the same in individual, retail transactions is an exempt sale under the Ohio Sales Tax Law; the failure of the Board to make such a finding and the further failure to even address the issue makes said decision unreasonable, contrary to law and fact, and against the manifest weight of the evidence before it.
 The finding of the Board to find that Jones did not sufficiently comply with R.C. 5739.03 is in error, contrary to law and the fact and against the manifest weight of the evidence, and to not grant Jones an exemption on those items clearly exempt under statute would be a further violation of Jones' Due Process rights under the Ohio and Federal Constitutions.
Jones' assignments of error both contend that the Board's ruling was against the manifest weight of the evidence. Thus, we will address them together.
In appeals from the Board, the standard of review is whether the decision was reasonable and lawful. PPG Industries, Inc. v.Kosydar (1981), 65 Ohio St.2d 80, 417 N.E.2d 1385. R.C. 5739.03
provides in pertinent part:
 Except as provided in [R.C. 5739.05], the tax imposed by or pursuant to [R.C. 5739.02, 5739.021, 5739.023, or 5739.026] shall be paid by the consumer to the vendor, and each vendor shall collect from the consumer, as a trustee for the state of Ohio, the full and exact amount of the tax payable on each taxable sale * * *.
* * *
 If any sale is claimed to be exempt under [R.C. 5739.01(E) or R.C. 5739.02], with the exceptions of [R.C. 5739.302(B)(1) to (11) or (29)], the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate specifying the reason that the sale is not legally subject to the tax. * * * The certificate shall be in such form as the tax commissioner by regulation prescribes. If no certificate is furnished or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within sixty days of the giving of notice by the commissioner of intention to levy an assessment, in which event the tax shall not apply.
All sales are presumed subject to sales tax until proven otherwise. Standard Oil Co. v. Peck (1955), 163 Ohio St. 63,125 N.E.2d 342. The burden of proving an exemption is on the taxpayer. Frankelite Co. v. Lindley (1986), 28 Ohio St.3d 29,502 N.E.2d 213.
In this case, Jones claims that all of his sales are of a wholesale nature and that his customers are the retailers when they open the games and sell the individual tickets to their customers. The Board disallowed this argument by finding that Jones' customers were selling the chance to win a prize, not the tangible game piece. Thus, the Board found that Jones was required to collect sales tax under R.C. 5739.02. Jones also argued that his sales were to tax-exempt customers due to their non-profit nature. However, no evidence was produced to support this position. The only evidence produced by Jones was his own testimony consisting wholly of his unsupported conclusions of law. To overcome the presumption of taxability, Jones is required to do more than offer a "self-serving, conclusory assertion of non-taxability to substantiate [his] claim." Craftsman Type, Inc.v. Lindley (1983), 6 Ohio St.3d 82, 85, 451 N.E.2d 768, 771. Without the requisite exemption certificates or other documentary evidence to support Jones' claims of exemptions, the Board's decision is neither unreasonable nor unlawful. Thus, the decision was not against the manifest weight of the evidence and the assignments of error are overruled.
The judgment of the Board is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] Two of the businesses were known to be churches and one was a known retailer of the merchandise.