J. Michael Hayden, Secretary Kansas Department of Wildlife and Parks 1020 S. Kansas Avenue, Suite 200 Topeka, Kansas 66612
Dear Secretary Hayden:
You ask for our opinion on whether the provisions of K.S.A. 2005 Supp. 45-230 prohibit the Kansas Department of Wildlife and Parks (the Department) from using names and addresses contained in records it possesses for the purpose of contacting those persons about Department related information.
You indicate that in the past year the Department implemented the "Kansas outdoors automated licensing system" (KOALS). As a result of a full year of operation of this system, the Department has for the first time an electronic database of all of its constituents. Your agency is fee-funded, and thus, is considering using this database to market the agency's services by contacting the listed individuals to inform them of expiration of current permits or licenses, with information on applications for the future, information about other types of services offered by the Department such as other types of permits or licenses, activities, and the agency's magazine. You ask if such use of the names contained in your database is prohibited by K.S.A. 2005 Supp. 45-230.
K.S.A. 2005 Supp. 45-230 was enacted in 2003, and is largely the verbatim duplicate of the law previously set forth at K.S.A.21-3914.[1]
The pertinent sections of K.S.A. 2005 Supp. 45-230 state:
 "(a) No person shall knowingly sell, give or receive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records except:
 . . . .
 "(2) lists of names and addresses of persons licensed, registered or issued certificates or permits to practice a profession or vocation may be sold or given to, and received by, an organization of persons who practice that profession or vocation for membership, informational or other purposes related to the practice of the profession or vocation;
 "(3) lists of names and addresses of persons applying for examination for licenses, registrations, certificates or permits to practice a profession or vocation shall be sold or given to, and received by, organizations providing professional or vocational educational materials or courses to such persons for the sole purpose of providing such persons with information relating to the availability of such materials or courses;
 . . . .
 "(b) Any person subject to this section who knowingly violates the provisions of this section shall be liable for the payment of a civil penalty in an action brought by the attorney general or county or district attorney in a sum set by the court not to exceed $500 for each violation.
 "(c) The provisions of this section shall not apply to nor impose any civil liability or penalty upon any public official, public agency or records custodian for granting access to or providing copies of public records or information containing names and addresses, in good faith compliance with the Kansas open records act, to a person who has made a written request for access to such information and has executed a written certification pursuant to subsection (c)(2) of K.S.A. 45-220, and amendments thereto."[2]
The Kansas Wildlife and Parks clearly qualifies as a "public agency" and may also meet the definition of "person" as defined by K.S.A. 2005 Supp. 45-217. Thus, K.S.A. 2005 Supp. 45-230
applies to the agency in terms of how it should handle public records it possesses that contain names and addresses. However, in reviewing all prior discussion on the "commercial solicitation" prohibition, it does not appear that there has ever been an Attorney General Opinion or case wherein the entity proposing to use the list of names and addresses is the original record custodian. Rather, it appears that concerns about the use of such lists have only arisen when a request for records comes from, or a particular use is intended by, some entity other than the public agency possessing the record.
Subsection (a) states: "No person shall knowingly sell, give orreceive, for the purpose of selling or offering for sale any property or service to persons listed therein, any list of names and addresses contained in or derived from public records . . ."[3] Whether specific conduct will violate the terms of this prohibition is often a factual issue, turning upon the intended or ultimate use of the list of names and/or addresses. However, in the specific situation you raise, the first question is not upon what the list will ultimately be used for, but rather whether the list of names will be sold, given or received by the agency in order to put the list to such a use.
It is our understanding that the public records and lists of names are already possessed and created by the agency. The data was compiled and created in furtherance of performing the agency's public duties. The agency apparently did not obtain the list or names from another public agency nor create it for the specific purpose of trying to sell a service or product to those named therein. Rather, the creation of the list was related to the functions of your agency.
Thus, there is a strong argument that the agency did not give, sell or receive the list for a purpose prohibited by K.S.A. 2005 Supp. 45-230. This argument is strengthened by the fact that requesters of records covered by K.S.A. 2005 Supp. 45-230 are ordinarily asked to fill out an affidavit attesting to their intention to comply with that statute; the agency possessing the records cannot attest to itself that it has no intention of violating the prohibition against commercial solicitation.[4]
However, before reaching a conclusion that K.S.A. 2005 Supp.45-230 does not apply to uses made of records by the public agency actually possessing lists of names and addresses in public records, we believe it prudent to also examine the proposed uses of the lists of names and addresses possessed by your agency.
The proposed uses of the listed names and addresses can be broken down into two categories; (1) contacting individuals about current or past license status and/or (2) informing them about different available licenses, programs, or services connected with the agency.
The first of these two allows the public agency to perform its delegated functions. If public agencies were not allowed to contact licensees about matters connected with that license, based upon K.S.A. 2005 Supp. 45-230 prohibitions, there would be no purpose in obtaining the contact information in the first place.
The second category more resembles a commercial solicitation attempt, in that it is connected with informing the individuals about other licenses or services available through the public agency. There is authority recognizing that a public agency may use public records in ways not permitted of private individuals; even where a statutory ground for exemption is protection from unwelcome commercial solicitation or fund-raising, where the requester is a nonprofit organization and has a non-pecuniary motive, disclosure may be required.[5] For example, the names and addresses of the members of the Firemen's Disability and Pension Fund were held to be public records subject to inspection by a nonprofit corporation, where the fund was a governmental unit and the records sought by the corporation were specifically related to the functions of that entity.[6]
This illustrates the fact that governmental entities rarely engage in purely commercial functions.
K.S.A. 2005 Supp. 45-230 and its predecessor K.S.A. 21-3914
generally prohibit conduct considered to be "commercial solicitation" in connection with obtaining and using public records which contain names and addresses. Whether a particular communication falls within the definition of a "solicitation" is a question of fact depending upon both the nature of the communication and the circumstances under which it is transmitted.[7] The term "commercial" generally relates to or is connected with trade and traffic of commerce in general; it commonly includes exchange of goods, production, or property of any kind and involves activity which a person would normally engage in for profit.[8] While the Department of Wildlife and Parks generates fees from providing licenses and other services, it is not a for-profit business nor does it engage in commercial conduct in the usual sense. Thus, while some functions of the agency may be more governmental and some more proprietary,[9] any contact the agency makes with individuals can be presumed to be connected with the official business of the agency and not for some "for-profit" attempt in the private business sense.
The prohibition contained in K.S.A. 2005 Supp. 45-230 and its predecessor K.S.A. 21-3914 was intended to prevent third-party requesters from obtaining public records for a specific commercial use. We find nothing in the language of the statutes, or authority discussing this law, that indicates the prohibition against contact with those listed therein extends to the public agency that created or possesses the records in question.
Therefore, in our opinion, contacting persons to inform them of services available through a governmental agency does not constitute "commercial solicitation" under K.S.A. 2005 Supp.45-230. Thus, it is our opinion that K.S.A. 2005 Supp. 45-230
does not prohibit the Department of Wildlife and Parks from using names and/or addresses that it possesses for the purpose of contacting and informing those so listed of services and programs available through that agency.
Sincerely,
 Phill Kline Attorney General
 Theresa Marcel Bush Assistant Attorney General
PK:JLM:TMB:jm
[1] Attorney General Opinions discussing K.S.A. 21-3914
include: 2002-55; 2001-47; 2000-35, 98-55; 98-51; 97-79; 89-47; and 85-34.
[2] Emphasis added. We also note that Attorney General Opinion No. 85-34 stated "21-3914 must be strictly construed to apply only to lists of persons licensed, registered or issued certificates or permits to practice a profession or vocation,
and may not be construed to apply to a list of persons holding permits to hunt wild turkeys." Thus, the exceptions in (a)(2) and (3) do not apply to such lists.
[3] Emphasis added.
[4] See K.S.A. 45-220(c).
[5] New York Teachers Pension Ass'n v. Teachers' RetirementSystem of City of N.Y., 71 A.D.2d 250, 422 N.Y.S.2d 389 (1st Dep't 1979).
[6] Police Fire Retirees of Ohio, Inc. v. Police Firemen'sDisability Pension Fund, 18 Ohio St. 3d 231, 480 N.E.2d 482
(1985).
[7] 69 Am.Jur.2d Regulation of the Securities Markets andMarket Participants §§ 641-661, Definition of solicitation — Other communications as solicitations (1993).
[8] City of Newton v. Board of Review for Jasper County, 532 N.W. 2d 771, 772 (Iowa 1995). See also Black's Law Dictionary 245 (5th ed. 1979).
[9] See Employees Retirement System v. Reimer KogerAssociates, Inc., 262 Kan. 635 (1997) and Attorney General Opinions No. 2005-11, 98-16 and 96-64, for discussions on these two different functions.