THE STATE, EX REL. GROSSER ET AL., APPELLANTS, *v.* BOY
ET AL., APPELLEES.

[Cite as State, ex rel. Grosser, v. Boy (1975),
42 Ohio St. 2d 498.]

(No. 74-1067—Decided June 25, 1975.)

*Messrs. Cain & Lobo* and *Mr. Arthur L. Cain,* for appellants.

*Messrs. Squire, Sanders & Dempsey* and *Mr. Eben G. Crawford,* for appellees.

*Per Curiam.* Appellants contend that the records which they desire to examine are "public records" within the purview of R. C. 149.43, and, therefore, are required to be available for inspection.

R. C. 149.43 states:

"As used in this section, 'public record' means any record required to be kept by any governmental unit, including, but not limited to, state, county, city, village, township and school district units, except records pertaining to physical or psychiatric examinations, adoption, probation, and parole proceedings, and records the release of which is prohibited by state or federal law.

"All public records shall be open at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

In enacting this statute, the General Assembly defined, with certain exceptions, "public record" as "any record required to be kept by any governmental unit.'"[1] Therefore, if the records in question in the instant case are specifically required to be kept by law, their availability for inspection is mandated by R. C. 149.43.

R. C. 3317.021 provides, in pertinent part, that:

"A membership record shall be kept by grades in each school district which shall show the following information for each pupil enrolled: Name, date of birth, name of parent * * *.'"

R. C. 3319.32 states, in part, that:

---

[1] None of the exceptions to this definition are applicable to the instant record. The federal law dealing with divulgence of certain records neither prohibits the release of the records sought by appellants, nor exacts a sanction for their release under the circumstances of the case at bar.

"Boards of education shall require all teachers and superintendents to keep the school records and to prepare reports in such manner as to enable the preparation of the annual reports required by law * * *. The records of each school; in addition to all other requirements, shall be so kept as to exhibit the names of all pupils enrolled therein, the studies pursued, the character of the work done, and the standing of each pupil * * *."

Additionally, R. C. 3321.12 provides:

"The principal or teacher in charge of any public, private, or parochial school, shall report to the clerk of the board of education of the city * * * in which the school is situated, the names, ages, and places of residence of all pupils below eighteen years of age in attendance at their schools * * *."

It is clear from a reading of R. C. 3317.021, 3319.32, and 3321.12, that documents disclosing the names of all pupils, and the address of those pupils under eighteen years of age, are records which school districts are required, by law, to maintain. R. C. 3319.32, by prescribing that each school keep records which exhibit the names of pupils and "the studies pursued," requires the records to show what courses each pupil is taking. Therefore, the above records, under present statutes, are "public records" within the meaning of R. C. 149.43.[2]

The judgment of the Court of Appeals is reversed, and a writ of mandamus, consistent with this decision, is allowed.

*Judgment reversed and writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.

---

[2] The instant case does not require us to weigh the effect of R. C 149.43 upon any breach of a competing right to individual privacy.