THE STATE, EX REL. MILO'S BEAUTY SUPPLY CO., *v.* STATE BOARD OF COSMETOLOGY ET AL.

[Cite as State, ex rel. Beauty Supply Co., v. State Bd. of Cosmetology (1977), 49 Ohio St. 2d 245.]

(No. 76-343—Decided March 16, 1977.)

*Messrs. White, Rankin, Pfefferle, Herron & Henney* and *Mr. George L. Henry,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Charles T. Collett,* for respondents State Board of Cosmetology, its members, and its executive secretary.

*Mr. William J. Brown,* attorney general, and *Mr. George E. Lord,* for respondent Director, Ohio Dept. of Administrative Services.

*Per Curiam.* The issue presented is whether the records to which relator seeks access are "public records" under R. C. 149.43, and thus are required to be available for inspection and copying. This court, in *State, ex rel. Grosser,* v. *Boy* (1975), 42 Ohio St. 2d 498, relying on the definition of "public record" in R. C. 149.43, stated:

"* * * [T]he General Assembly defined, with certain exceptions, 'public record' as 'any record required to be kept by any governmental unit.' Therefore, if the records in question in the instant case are specifically required to be kept by law, the availability for inspection is mandated by R. C. 149.43." (Footnote omitted.)

This court has thus enunciated a twofold test to determine the existence of "public records": (1) the records must be kept by a governmental unit, and (2) the records must be specifically required to be kept by law. Affirmative application of these two elements in a given circumstance mandates that the records be available for inspection and copying.

R. C. 4713.02 created the State Board of Cosmetology and delegated to the board power to regulate specific activities pertaining to cosmetology. Furthermore, R. C. 4713.-02 specifically states, in pertinent part, as follows:

"The board shall keep a record containing the names and known places of business, and the date and number of license, of every licensed cosmetologist, and those engaged in the practice of any branch of cosmetology, together with the names and addresses of all licensed beauty salons and schools of cosmetology."

It is apparent the records relator seeks to inspect and copy are "public records," as defined by R. C. 149.43. In this instance, the legislative mandate of R. C. 149.43 clearly dictates relator's right to the inspection and copying of said records.

A writ of mandamus, consistent with this opinion, is allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.