THE STATE, EX REL. PLAIN DEALER PUBLISHING COMPANY, *v.*
KROUSE, ADMR., ET AL.

[Cite as State, ex rel. Plain Dealer Pub. Co., v. Krouse
(1977), 51 Ohio St. 2d 1.]

(No. 76-1071—Decided July 6, 1977.)

2

*Messrs. Baker, Hostetler & Patterson, Mr. James P. Garner* and *Mr. Thomas M. Seger,* for relator.

*Mr. William J. Brown,* attorney general, and *Mr. Michael J. Hickey,* for respondents.

*Per Curiam.* In *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, 110, the court stated "[W]e believe that doubt should be resolved in favor of disclosure of records held by governmental units. Aside from the exceptions mentioned in R. C. 149.43, records should be available to the public *unless* the custodian of such records can show a legal prohibition to disclosure." See, also, *State, ex rel. Beacon Journal Pub. Co.,* v. *Andrews* (1976), 48 Ohio St. 2d 283.

The respondents agree that these forms are "required to be kept" within the meaning of R. C. 149.43, but they assert that the forms are not public records because they are within the statutory exceptions for "records pertaining to physical or psychiatric examinations" and "records the release of which is prohibited by state or federal law."

The Remittance Advice Forms contain no information or references to medical examination, diagnosis, or treatments. Although the forms do indicate payments made to providers of medical services or supplies in somewhat more detail than do state warrants, the forms are not perti-

nent to physical or psychiatric examinations in any meaningful sense. They represent only notations of state orders of payments, with no references whatever to any details of the relationship between doctor and patient, or other private matters. In addition, the awards of compensation allowed by the Industrial Commission are required to be kept as a public record by the commission under R. C. 4121.10. *State, ex rel. Szalay, v. Indus. Comm.* (1935), 130 Ohio St. 269; 1975 Ohio Atty. Gen. Ops., No. 75-062.

In support of the assertion that the release of these forms is prohibited by state law, the respondents cite R. C. 4123.88, which provides, in part that "[n]o person shall, without prior authority from a member of the commission, the claimant, or the employer, examine or directly or indirectly cause or employ another person to examine any claim file or any other file pertaining thereto." These forms are not placed in claim files, but they might conceivably be considered part of some "other file pertinent thereto." However, the language of R. C. 4123.88 does not in any event prohibit the release of such files, but only requires prior authorization by a member of the commission, the claimant, or the employer. Under R. C. 4121.10, the findings and awards of the commission are matters of public record and as such available to the public upon request under R. C. 149.43. Where the commission has determined to allow a claim or award, a notation of that decision such as a Remittance Advice Form is also a public record, and the provisions of R. C. 4123.88 do not prohibit its release.

The writ is accordingly allowed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.

W. BROWN, J., not participating.