THE STATE, EX REL. CITIZENS' BAR ASSOCIATION ET AL., APPELLANTS, v. GAGLIARDO, JUDGE, ET AL., APPELLEES.

[Cite as State, ex rel. Citizens' Bar Assn., v. Gagliardo (1978), 55 Ohio St. 2d 70.]

(No. 77-1393—Decided July 12, 1978.)

*Mr. Thomas W. Lippitt, pro se.*

*Mr. John T. Corrigan,* prosecuting attorney, and *Ms. Mary A. Lentz,* for appellees.

*Per Curiam.* R. C. 149.43 states in part:

"As used in this section, 'public record' means any

record required to be kept by any governmental unit * * *.

"All public records shall be open at all reasonable times for inspection. Upon request, a person responsible for public records shall make copies available at cost, within a reasonable period of time."

In *State, ex rel. Beauty Supply Co.,* v. *State Bd. of Cosmetology* (1977), 49 Ohio St. 2d 245, 246, this court stated:

"This court has thus enunciated a twofold test to determine the existence of 'public records': (1) the records must be kept by a governmental unit, and (2) the records must be specifically required to be kept *by law*. Affimative application of these two elements in a given circumstance mandates that the records be available for inspection and copying." (Emphasis added.)

R. C. 102.02 requires Judge Gagliardo to file a financial disclosure statement with the secretary of the Board of Commissioners on Grievances and Discipline. Thus, that statement so filed is a "public record" pursuant to R. C. 149.43. As such, it is subject to public inspection at locations designated by the appropriate ethics commission. R. C. 102.02(A).

The Cuyahoga County Juvenile Court is not one of those designated locations.

Although Canon 6 of the Code of Judicial Conduct states that an additional report be filed with the clerk of the court where the judge presides, that filing is not required by statute. Therefore, the financial disclosure statement filed in the Cuyahoga County Juvenile Court is not a "public record." Respondent Judge Toner is under no legal duty to produce the document, and thus a writ of mandamus will not lie.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.