THE STATE, EX REL. PLAIN DEALER PUBLISHING COMPANY, APPELLEE, *v.*
LESAK, SUPT. OF SCHOOLS, ET AL., APPELLANTS.

[Cite as State, ex rel. Plain Dealer Publishing Co., *v.* Lesak (1984),
9 Ohio St. 3d 1.]

(No. 83-922—Decided January 4, 1984.)

Messrs. Baker & Hostetler, Mr. James P. Garner, Mr. Louis A. Colombo and Ms. Karen B. Newborn, for appellee.

Schwarzwald, Robiner, Wolf & Rock Co., L.P.A., Mr. Donald M. Robiner and Mr. Paul F. Levin, for appellants Lesak et al.

Messrs. Purola & Savage and Mr. Albert L. Purola, for appellant John Doe.

*Per Curiam.* The issue is whether the banking records pertaining to the two illicit checking accounts are public records pursuant to R.C. 149.43. For the reasons that follow we affirm the court of appeals' decision to compel disclosure of these records.

Public records must be available and open to inspection within a reasonable period of time pursuant to R.C. 149.43(B). The test for public records is twofold. First, the records must be kept by a governmental unit. Second, the records must be specifically required to be kept by law. *State, ex rel. Citizens' Bar Assn.,* v. *Gagliardo* (1978), 55 Ohio St. 2d 70 [9 O.O.3d 74]; *State, ex rel. Beauty Supply Co.,* v. *State Bd. of Cosmetology* (1977), 49 Ohio St. 2d 245 [3 O.O.3d 374].

It is beyond argument that the two checking accounts at issue should have been kept by a governmental unit and as specifically required by law. While monies relating *only* to Ohio High School Athletic Association sponsored tournaments, placed in special accounts to be closed or brought to zero balance immediately after cessation of a particular activity, might escape the mandate of R.C. 3315.062(C), the instant case is clearly within the statute. The distinction here is based upon the factual peculiarity that the checking accounts were *personally* created and maintained by the athletic director. Arguably, the records pertaining to purely personal accounts should not be subject to public scrutiny. We make no effort at this time to pass on the question of whether initial nondisclosure to the state would have precluded the imposition of disclosure under the statute. In this case, however, the athletic director released the records to the school district treasurer. As a result the athletic director waived any claim to an exception from the disclosure requirements. Once the records were in the hands of a governmental unit, and

in the absence of a statutory exception to disclosure, R.C. 149.43 made disclosure a necessity.

The fact that the funds are within the purview of R.C. 3315.062(C), in conjunction with the waiver of privacy by the athletic director's action in releasing the bank records for governmental scrutiny, necessitates the finding that a clear legal duty arose to make those records public pursuant to R.C. 149.43.

Mandamus will lie where a court finds that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law. *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53]; *State, ex rel. Harris,* v. *Rhodes* (1978), 54 Ohio St. 2d 41 [8 O.O. 3d 36].

In the instant case R.C. 3315.062(C) and 149.43 provide the basis in law for disclosure of the checking account records and create the legal duty for the school board to comply with such disclosure. Insofar as appellants have refused to comply, and relator has no plain and adequate remedy at law, mandamus will lie.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CELEBREZZE, C.J., concurring. I concur with the result reached by the majority herein. I write separately, however, in order to address appellants' argument that the records in question are excepted from the disclosure requirements of R.C. 149.43(A)(1) as confidential law enforcement investigatory records. This argument was addressed by the court of appeals and fully briefed by the parties herein, but was not mentioned in the majority opinion.

Pursuant to R.C. 149.43(A)(1), confidential law enforcement investigatory records are not "public records" subject to the disclosure requirements of R.C. 149.43(B). That term is defined in R.C. 149.43(A)(2), which provides, in relevant part:

" 'Confidential law enforcement investigatory record' means any record that pertains to a law enforcement matter of a criminal, quasi-criminal, civil, or administrative nature, but only to the extent that the release of the record would create a high probability of disclosure of any of the following:

"(a) The identity of a suspect who has not been charged with the offense to which the record pertains, or of an information source or witness to whom confidentiality has been reasonably promised;"

Appellants' argument in this regard is based upon the fact that after learning of the irregularities surrounding the maintenance of the accounts at

issue, the board sent the records to the Auditor of State and requested that a special audit be conducted. Copies of the records were also forwarded to the local prosecutor. The Auditor's office is presently conducting the special audit, but no investigation has been undertaken by the prosecutor's office.

In view of these facts, appellants argue that the records herein are exempt from disclosure under R.C. 149.43(A)(2)(a) because the athletic director is "a suspect who has not been charged with the offense to which the record pertains" and his identity would be disclosed by the release of these records.

The court of appeals found this argument unpersuasive for the reason that the name of the athletic director had already been published in newspaper articles which reported this case.

I agree with the determination made by the court of appeals. This court has consistently held that the exceptions to disclosure enumerated in R.C. 149.43 are to be construed strictly against the custodian of public records and that all doubt should be resolved in favor of disclosure. *Dayton Newspapers* v. *Dayton* (1976), 45 Ohio St. 2d 107, 110 [74 O.O. 2d 209]; *State, ex rel. Plain Dealer Publishing Co.,* v. *Krouse* (1977), 51 Ohio St. 2d 1, 2  [5 O.O.3d 1]; *Wooster Republican Printing Co.* v. *Wooster* (1978), 56 Ohio St. 2d 126, 135 [10 O.O.3d 312]; *State, ex rel. Beacon Journal,* v. *Univ. of Akron* (1980), 64 Ohio St. 2d 392, 397 [18 O.O.3d 534].

R.C. 149.43(A)(2) specifically provides that the confidential law enforcement investigatory record exception applies to prohibit disclosure "* * * only to the extent that the release of the record would *create* a high probability of disclosure * * *" of, in this case, the identity of the athletic director. (Emphasis added.)

In the case at bar the release of the checking account records will not "create" a probability that the athletic director's identity will be disclosed. Disclosure has already *been* accomplished without the records.

It is clear that the purpose of this exception is to avoid a situation where the release of confidential investigatory records results in subjecting an individual to adverse publicity who may otherwise never be publicly implicated with the matter under investigation. We are not presented with such a situation in the case at bar. The athletic director has been publicly implicated with this matter from the outset. His identity and involvement in the matter under investigation are known and have been published without the aid of the records sought herein, and despite the fact that he has appeared as a John Doe in this proceeding.