THE STATE, EX REL. BOARD OF EDUCATION FOR THE FAIRVIEW PARK SCHOOL DISTRICT ET AL., APPELLEES, *v.* BOARD OF EDUCATION FOR THE ROCKY RIVER SCHOOL DISTRICT, APPELLANT.

[Cite as State, ex rel. Fairview Park Bd. of Edn., *v.* Rocky River Bd. of Edn. (1988), 40 Ohio St. 3d 136.]

(No. 87-1123—Submitted September 8, 1988—Decided December 28, 1988.)

*Arter & Hadden, John D. Maddox, Irene C. Keyse-Walker, Kohrman, Jackson & Krantz, Gregory M. Lichko* and *Sarah Gabinet,* for appellees.

*Baker & Hostetler, Richard R. Hollington, Jr., Thomas M. Seger* and *R. Scott Keller,* for appellants.

MOYER, C.J. Appellant Rocky River argues that persons signing a territory transfer petition pursuant to R.C. 3311.24 may withdraw their signatures from the petition at any time before the local board of education takes official action regarding the petition and that such petition should not be filed with the State Board of Education unless it contains the required number of valid signatures as reduced by withdrawals or invalidated entries.

Appellees argue that the adoption of the March 31, 1986 resolution of the Rocky River Board of Education constituted a ratification of the prior official acts of Treasurer Michael and Superintendent Rodeen, and that the relation back of official acts to March 13 precluded acceptance of signature withdrawal requests after that date.

The threshold question is whether Rocky River has the authority to initially determine the sufficiency of signatures and whether an investigation producing such a determination constitutes official action foreclosing further consideration of signature withdrawal requests. For the reasons stated below, we hold that Rocky River is authorized to investigate the sufficiency of the signatures before sending a petition to the State Board of Education, and that such investigation does not constitute official action by a public body, nor does the public hearing that resulted in a resolution on the petition relate back to such investigations.

Black's Law Dictionary (5 Ed. 1979) 1285, defines "sufficient" as "[a]dequate, enough, as much as may be necessary, equal or fit for end proposed, and that which may be necessary to accomplish an object. Of such quality, number, force, or value as to serve a need or purpose * * *." It is apparent to us there would be little logic in the language of R.C. 3311.24 if the General Assembly intended to restrict the district boards of education to act as mere transmittal conduits for transfer petitions. Such interpretation would obviate the need to send the petition to the affected school district at all, since it would be incumbent upon the State Board of Education to verify the sufficiency of the signatures on all petitions submitted for consideration. The words of the statute indicate that the school board of the district make the necessary determination before filing the proposal with the State Board

of Education, since it is the local board which has better access to the information required to determine the sufficiency of a petition. The Attorney General addressed this question in 1964 Ohio Atty. Gen. Ops. No. 1043, 2-190, at 2-193, interpreting the meaning of R.C. 3311.24 consistently with our interpretation of the statutory language.

We believe this to be the most reasonable interpretation of R.C. 3311.24. However, because R.C. 3311.24 does not provide for the withdrawal of signatures from a transfer petition, we must look to the common law. Where there is no statutory provision to the contrary, an elector has a right to withdraw his or her name from a referendum petition "* * * at any time before official action has been taken thereon and before an action in mandamus has been properly commenced * * *, although after the time within which such petition is required by law to be filed and after it actually has been filed. * * *" *Lynn* v. *Supple* (1957), 166 Ohio St. 154, 1 O.O. 2d 405, 140 N.E. 2d 555, paragraph two of the syllabus.

In *State, ex rel. Wilson,* v. *Bd. of Edn. of Shelby Cty. School Dist.* (1957), 166 Ohio St. 260, 2 O.O. 2d 88, 141 N.E. 2d 289, this court applied the common-law rule to a transfer petition submitted under R.C. 3311.23, a code provision then similar to R.C. 3311.24. In *State, ex rel. Wilson,* the petitions requesting transfer were filed with the county board of education. The petitions had sufficient signatures when filed, but before any action had been taken by the county board of education, some signatories withdrew their signatures, reducing the number to less than seventy-five percent of the amount needed. The board of education met in regular session, determined that there were less than the necessary number of signatures on the petitions, and consequently declined to file the petitions with the State Board of Education. The relators therein instituted a mandamus action to compel this filing. Reciting the common-law rule that signers of a transfer petition can withdraw their signatures prior to the taking of official action, and also rejecting an argument that R.C. 3311.23 abrogated the common-law rule, this court affirmed the court of appeals' judgment dismissing the complaint. We therefore hold that signers of a territory transfer petition pursuant to R.C. 3311.24 may withdraw their signatures from the petition at any time before the local board of education takes official action thereon.

Appellees' argument that by adopting the conduct and reports of its members or employees Rocky River took official action is found to be without merit. Appellees contend that Michael's inquiry regarding the number of eligible electors and comparison of six to ten signatures constituted official action rendering subsequent consideration of signature withdrawals improper. We considered similar facts in *Chadwell* v. *Cain* (1959), 169 Ohio St. 425, 8 O.O. 2d 449, 160 N.E. 2d 239. The Board of Hamilton County Commissioners sent a transfer petition to the county engineer for a check of the signatures and of the description of the territory to be transferred. We held that " '* * * once affirmative legislative action has commenced upon a petition for annexation, jurisdiction attaches and the petitioners cannot withdraw so as to divest the city council of jurisdiction to act in its legislative capacity. * * * The mere checking of the petitions to ascertain if the statutory requirements have been fulfilled or even filing them with the clerk are merely preliminary ministerial steps and not the affirma-

tive action we have referred to.' " *Id.* at 437, 8 O.O. 2d at 456, 160 N.E. 2d at 248, citing *State, ex rel. DeConcini,* v. *Phoenix* (1952), 74 Ariz. 46, 243 P. 2d 766. Michael's conduct in researching the number of eligible voters was a necessary and proper function in determining the sufficiency of signatures on the petition.

Rocky River took no official action regarding the petition until Resolution No. 76-86 was passed on March 31, 1986. R.C. 121.22(H) provides, in pertinent part:

"A resolution, rule, or formal action adopted in an open meeting that results from deliberations in a meeting not open to the public is invalid unless the deliberations were for a purpose specifically authorized in division (G) of this section and conducted at an executive session held in compliance with this section."

The term "meeting," as used in R.C. 121.22(B)(2), means "any prearranged discussion of the public business of the public body * * *."

Treasurer Michael's discussions with Superintendent Rodeen regarding the signatures did not amount to secret deliberations not open to the public within the meaning of R.C. 121.22(H). See *Greene Cty. Guidance Ctr., Inc.* v. *Greene-Clinton Community Mental Health Bd.* (1984), 19 Ohio App. 3d 1, 19 OBR 46, 482 N.E. 2d 982; *Walker* v. *Bd. of Edn.* (1980), 69 Ohio App. 2d 27, 23 O.O. 3d 24, 429 N.E. 2d 1179. The employee, Michael, performed no act nor made a determination on behalf of Rocky River. He merely reviewed board of election documents and compared them with the petitions for his report to the school board. Furthermore, the efforts of the residents of Ward 2 and the individual board members to secure signature withdrawals did not constitute an official action of the school board since such efforts were merely the voluntary, individual activity of those board members.

"Mandamus will lie where a court finds that the relator has a clear legal right to the relief prayed for," and where "the respondent is under a clear legal duty to perform the requested act * * *." (Citations omitted.) *State, ex rel. Plain Dealer Publishing Co.,* v. *Lesak* (1984), 9 Ohio St. 3d 1, 3, 9 OBR 52, 53, 457 N.E. 2d 821, 822-823. Such a clear legal duty does not arise from the facts of this case.

For the reasons stated above, we reverse the judgment of·the court of appeals and hereby deny the writ of mandamus to compel Rocky River to submit the transfer petition to the State Board of Education.

*Judgment reversed and writ of mandamus denied.*

LOCHER, HOLMES, WRIGHT and H. BROWN, JJ., concur.

SWEENEY and DOUGLAS, JJ., dissent.

DOUGLAS, J., dissenting. In the past, from some quarters, including some members of the majority herein, there have been cries of anguish that this court should never engage in "judicial legislation." Our decision today involves such activity in its most extreme form. The majority is not just filling a legislative gap or creating a new remedy or cause of action where one does not exist but is needed. The majority, instead, simply ignores the dictates of R.C. 3311.24 as though the statute did not exist.

As the well-reasoned opinion of the court of appeals states, "* * * once a petition, sufficient on its face, was presented to the Rocky River School Board and it was determined to be suf-

ficient, R.C. 3311.24 places a mandatory duty upon the School Board to forward the petition to the State Board of Education. The discretion vested in the Board is limited to the formal sufficiency of the petition. * * *"

Such a holding would in no way act to the detriment of those persons wishing to withdraw their signatures. Any signer of a transfer petition has the right to withdraw his or her signature at any time before *official* action is taken on the petition. *State, ex rel. Wilson,* v. *Bd. of Edn. of Shelby Cty. School Dist.* (1957), 166 Ohio St. 260, 2 O.O. 2d 88, 141 N.E. 2d 289. Certification of the sufficiency of the petition on its face is *not* an official action on the petition. By today's decision, the majority gives to the very body affected by the petition the power to determine its validity as well as its sufficiency. This is contrary, I believe, to the legislative intent and specifically, R.C. 3311.24.

Accordingly, I respectfully dissent.

SWEENEY, J., concurs in the foregoing dissenting opinion.