JOURNAL ENTRY and OPINION
Defendant-appellant herein, Joseph Johnson, challenges the constitutionality of Ohio's sexual predator statute, R.C. 2950.01 et seq., pursuant to which he was classified as a sexual predator after entering pleas of guilty to two amended counts of rape with a person under thirteen years of age. As part of a plea agreement, the appellant stipulated on the record that "he is likely to commit another sexually oriented offense in the future."
The appellant was indicted on August 3, 1999 on three counts of rape of a person less than thirteen years of age (R.C. 2907.02), each count containing sexually violent predator specifications and one count of gross sexual imposition involving a victim under the age of thirteen, also with a sexually violent predator specification. Counts one and two were alleged in the indictment to have occurred on or about July 21, 1999. Counts three and four were alleged to have taken place between 1997 and 1998. The victim, who is appellant's stepdaughter, was born on January 12, 1988.
On October 1, 1999, the appellant entered a plea of guilty to amended counts one and three which were amended by deleting the by use of force language contained in the indictment and by deleting the sexually violent predator specification. Counts two and four were nolled as part of the plea agreement. Additionally, the appellant stipulated as part of the plea agreement that he is likely to commit another sexually oriented offense in the future. On December 17, 1999, the trial court sentenced the appellant to five years on each of the two counts to which he entered pleas of guilty, to be served concurrently. Also, pursuant to the appellant's stipulation, the trial court classified the appellant as a sexual predator.
The appellant filed the within appeal from the trial court's determination that he be classified as a sexual predator. The appellant asserts a single assignment of error for this court's review:
 I. APPLICATION OF R.C. 2950.01 et seq. IS IN VIOLATION OF APPELLANT'S RIGHT TO PRIVACY AS GUARANTEED BY THE UNITED STATES CONSTITUTION.
In this assignment of error, the appellant asserts that the public notification provisions contained in the sexual predator statute violate his right to privacy as guaranteed by the constitution of the United States. Essentially, the appellant argues that his right not to have the fact of his convictions disseminated outweighs the public's right to be notified thereof. This argument was recently thoroughly considered and rejected by the Ohio Supreme Court in State v. Williams (2000),88 Ohio St.3d 513 . In Williams, the Court stated that the notification provisions of the sexual predator statute were not violative of the right to privacy under Section 1, Article I of the Ohio Constitution which runs parallel to those rights of privacy guaranteed by theFourteenth Amendment to the United States Constitution. The Williams Court further stated:
 After reviewing both our own precedent and that from the federal courts, we hold that R.C. Chapter 2950 does not violate a convicted sex offender's right of privacy.
 The right to privacy has been described as "the right to be let alone; to live one's life as one chooses, free from assault, intrusion or invasion except as they can be justified by the clear needs of the community living under a government of law." Time, Inc. v. Hill (1967), 385 U.S. 374, 413, 87 S.Ct. 534, 555, 17 L.Ed. 2d 456, 481 (Fortas, J., dissenting); see, also, Housh v. Peth (1956), 165 Ohio St. 35, 39, 59 Ohio Op. 60, 62, 133 N.E.2d 340, 343. As Justice Brandeis observed, the right to privacy is "the most comprehensive of rights and the right most valued by civilized men." Olmstead v. United States(1928), 277 U.S. 438, 478, 48 S.Ct. 564, 572, 72 L.Ed. 944, 956 (Brandeis, J., dissenting). Yet the right to privacy is not absolute. See State ex rel. Beacon Journal Publishing Co. v. Akron (1994), 70 Ohio St.3d 605, 608, 640 N.E.2d 164, 167. Privacy of the individual will yield when required by public necessity. Time, Inc., 385 U.S. at 413, 87 S.Ct. at 555, 17 L.Ed.2d at 481.
 The courts of appeals held that the notification provisions of R.C. Chapter 2950 violate a sex offender's right of privacy. The information disseminated to the public, however, is a public record, R.C. 2950.11(E), and the right to privacy encompasses only personal information and not information readily available to the public. See Russell v. Gregoire (C.A.9, 1997), 124 F.3d 1079, 1094, citing Whalen v. Roe (1977), 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64, 73.
 R.C. 2950.11(B) requires that public notice include the sex offender's name and address, the sexually oriented offense to which the offender was convicted or to which the offender pleaded guilty, and a statement that the offender has been adjudicated a sexual predator, and that, as of the date of the notice, the court has not entered a determination that the offender is no longer a sexual predator, or that the offender is a habitual sex offender. An individual's conviction has always been considered a public record. Cook, 83 Ohio St. 3d at 413, 700 N.E.2d at 579. Further, the convicted sex offender's classification and other information are subject to disclosure because they are contained in a record required by law to be kept by a governmental agency, see State ex rel. Milo's Beauty Supply Co. v. State Bd. of Cosmetology (1977), 49 Ohio St.2d 245, 3 Ohio Op. 3d 374, 375, 361 N.E.2d 444, 445, and no evidence has been produced that a convicted sex offender's interest in non-disclosure of this information outweighs the government's interest in disclosure. Cf. Nixon v. Admr. of Gen. Serv. (1977), 433 U.S. 425, 465, 97 S.Ct. 2777, 2801, 53 L.Ed.2d 867, 905.
 Nor does the fact that the government is required to actively disseminate information collected from convicted sexual offenders, rather than merely allowing the public access, impact the right to privacy. Active distribution, as opposed to keeping open the doors to government information, is a distinction without significant meaning. The information at issue is a public record, and its characteristic as such does not change depending upon how the public gains access to it. We hold, therefore, that R.C. Chapter 2950 does not infringe upon a convicted sex offender's right to privacy.
 The courts of appeals also held that R.C. Chapter 2950 infringes upon the right to acquire or protect property, the right to pursue an occupation, and the right to a favorable reputation. We respectfully disagree.
 There is nothing in the community notification provisions in R.C. Chapter 2950 that hampers the right to seek out or acquire property. Notification is based upon the geographic area around the offender's residence. R.C. 2950.11(A)(1) through (9). Thus, before the community can be notified, the offender must have obtained a temporary or permanent residence, and the right to acquire property has not been implicated.
 Likewise, the right to pursue an occupation has not been violated by R.C. Chapter 2950. Every individual has the right to pursue a lawful occupation free from government interference unless the public good so requires. See Butchers' Union Slaughter-House 
Live-Stock Landing Co. v. Crescent City Live-Stock, Landing Slaughter-House Co. (1884), 111 U.S. 746, 757, 4 S.Ct. 652, 660, 28 L.Ed. 585, 591. There is no express language in the provisions of R.C. Chapter 2950, however, that prohibits convicted sex offenders from pursuing an occupation. The assertion that R.C. Chapter 2950 enables private citizens to bar a convicted sex offender from obtaining a job, or to prohibit the acquisition of property is, based upon the record before us, mere speculation. It cannot be presumed that the receipt of public information will compel private citizens to lawlessness. Further, even if some private citizens impermissibly interfere with a convicted sex offender's rights, the offender may seek redress through this state's tort and criminal laws. R.C. Chapter 2950 does not remove an offender's access to the courts to seek redress for harms committed by other citizens.
 Likewise, R.C Chapter 2950 does not impair the right to a favorable reputation. A favorable reputation is not a protected liberty interest. See Paul v. Davis (1976), 424 U.S. 693, 711-712, 96 S.Ct. 1155, 1165-1166, 47 L. Ed. 2d 405, 420; see, also, Cook, 83 Ohio St. 3d at 413, 700 N.E.2d at 579. As we stated in Cook, "`an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all the attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right. * * *' Further, `the harsh consequences [of] classification and community notification * * * come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions.'" (Citations omitted.) Cook, 83 Ohio St. 3d at 413, 700 N.E.2d at 579. Accordingly, we hold that R.C. Chapter 2950 does not violate the rights enumerated in Section 1, Article I of the Ohio Constitution.
Thus, the Supreme Court of this state has considered and rejected the appellant's assertion that the notification provisions of the sexual predator statute are violative of the right to privacy guaranteed by the United States Constitution and Section 1, Article I of the Ohio Constitution. Accordingly, this assignment of error is not well-taken.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ MICHAEL J. CORRIGAN, JUDGE
TIMOTHY E. McMONAGLE, J., CONCURS, DIANE KARPINSKI, A.J., CONCURS IN JUDGMENT ONLY WITH SEPARATE CONCURRING OPINION.