OPINION
Plaintiff-appellant, Claude Amburgey, appeals the decision of the Madison County Court of Common Pleas dismissing his complaint for declaratory and injunctive relief against the Ohio Adult Parole Authority ("OAPA"). We affirm the decision of the trial court.
Appellant is an inmate at the Madison Correctional Institution. He was paroled from Ohio to the state of Kansas in 1995 pursuant to the Interstate Compact for the Supervision of Parolees and Probationers. While on parole, appellant was convicted of robbery. He served forty-one months in a Kansas prison as a result of the conviction. Authorities in Kansas then extradited appellant to Ohio.
The OAPA conducted a parole revocation hearing for appellant in July 1998. At the conclusion of the hearing, the OAPA revoked appellant's parole. The OAPA determined appellant would be required to serve a prison term between one hundred eight to one hundred thirty-two months due to his conviction for felonious conduct while he was on parole. The OAPA gave appellant credit for the time he served in the Kansas prison and set a new projected release date of August 1, 2004.
Appellant filed a complaint for declaratory judgment and injunctive relief against the OAPA. In his complaint, appellant claimed that the OAPA should have considered his conviction for robbery a "technical" parole violation, instead of placing him in a category consistent with his criminal violation. He also alleged that the actions of the OAPA deprived him of due process and equal protection under the law.
The OAPA moved the trial court to dismiss appellant's complaint on the basis that it failed to state a claim upon which relief could be granted. The trial court granted the motion and dismissed appellant's complaint. Appellant appeals the decision of the trial court and raises three assignments of error for review.
Assignment of Error No. I:
 WHETHER THE TRIAL COURT ERRED (ABUSED ITS' [SIC] DISCRETION) IN DISMISSING PLAINTIFFS [SIC] PETITION FOR DECLARATORY JUDGMENT AND GRANTING THE DEFENDANTS [SIC] MOTION TO DISMISS PURSUANT TO OHIO CIVIL RULE 12(B)(6).
Assignment of Error No. II:
 THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLANT WAS NOT A TECHNICAL VIOLATOR, THEREBY DISMISSING PLAINTIFF-APPELLANTS [SIC] DECLARATORY JUDGMENT PETITION.
Assignment of Error No. III:
 THE TRIAL COURT FAILED TO DETERMINE ISSUE OF WHETHER THE OHIO PAROLE BOARD VIOLATED THE STIPULATED AGREEMENT THAT MANDATES THAT ALL TECHNICAL VIOLATORS BE TREATED AS ADMINISTRATIVE VIOLATORS AND BE GIVEN FULL RIGHTS AT PAROLE VIOLATION HEARINGS.
 In his assignments of error, appellant alleges that the trial court erred by dismissing his complaint for three reasons. First, appellant asserts that the trial court should have "declared" that the OAPA denied him the due process of law by placing him in the guideline range of one hundred eight to one hundred thirty-two months for violating his parole, and failing to credit him for time served in Kansas. Second, appellant maintains that the trial court should have declared that he was a "technical violator" so that he would be afforded "all of the rights" of a technical violator. Finally, appellant asserts that the trial court should have declared that the OAPA violated a "stipulated agreement" to characterize appellant as a technical violator.
A court shall not dismiss a complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. York v. OhioState Hwy. Patrol (1991), 60 Ohio St.3d 143, 144, citing O'Brien v.Univ. Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242, 245. In construing a complaint upon a motion to dismiss under Civ.R. 12(B)(6), the court must presume that all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party.Id. The court is confined to the averments set forth in the complaint in determining whether to grant a Civ.R. 12(B)(6) motion. Conley v.Correctional Reception Ctr. (2001), 141 Ohio App.3d 412, 415. An appeal of a trial court's decision on a Civ.R. 12(B)(6) motion presents a question of law to be reviewed de novo, independently of the trial court's decision. See id.
Appellant first argues that he was denied due process of law by the OAPA. The minimum due process requirements for revocation of parole are:
 (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a `neutral and detached' hearing body * * *; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole.
 State v. Miller (1975), 42 Ohio St.2d 102, 104, quoting Morrissey v. Brewer (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 2595. Appellant admits he was provided a parole revocation hearing. However, he fails to allege that he was denied any of the enumerated due process rights. He merely claims that the OAPA did not award him credit for "time served" in Kansas. It would appear that appellant contends that such credit should permit him to remain a parolee.
Unless a prisoner is denied parole for a constitutionally impermissible reason, the decision to deny parole is not subject to judicial review.Helton v. Ohio Adult Parole Authority (June 26, 2001), Franklin App. No. 00AP-1108, unreported; State v. Wilburn (Dec. 22, 1999), Lawrence App. No. 98CA47, unreported. Ohio law does not give a convicted person any legitimate claim of "entitlement" to parole before the expiration of a valid sentence of imprisonment. Inmates of Orient Correctional Inst. v.Ohio State Adult Parole Auth. (C.A.6 1991), 929 F.2d 233, 235. "This remains true even after the Ohio Adult Parole Authority has approved the prisoner's release on parole on or after a specified date." Id. Therefore, even a rescission of a decision to grant parole on a specified date does not constitute a deprivation of "liberty" within the meaning of that term as used in the Due Process Clause. Id. at 236. Habeas corpus is the appropriate action for persons claiming entitlement to immediate release from prison. State ex rel. Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186, 188; State ex rel. Pirman v. Money (1994),69 Ohio St.3d 591, 594.
Since appellant does not allege that he was denied parole for a constitutionally impermissible reason, the decision to deny him parole is not subject to judicial review. Habeas corpus is the proper action if appellant claims an entitlement to immediate release from prison. SeeState ex rel. Finrock v. Ohio Adult Parole Authority (1998),80 Ohio St.3d 639, 640.
Second, appellant maintains that the trial court should have declared that his conviction in Kansas was a "technical violation" of his parole so that he would be afforded "all of the rights" of a technical violator. Technical parole violations are "those violations of the terms and conditions of the parole agreement which are not criminal in nature[,] such as failure to report to the parole officer, association with known criminals, leaving employment, leaving the State, etc." Stateex rel. Taylor v. Ohio Adult Parole Auth. (1993), 66 Ohio St.3d 121,124, quoting Inmates' Councilmatic Voice v. Rogers (C.A.6 1976),541 F.2d 633, 635 fn. 2. Convictions for criminal conduct do not constitute technical violations. See id.
It is apparent from the record and appellant's pleadings that he was convicted in Kansas for the crime of robbery. During the commission of the robbery, appellant bound a victim's hands and feet. Appellant's conduct does not qualify as a technical parole violation, even under the most liberal interpretation of the term.
Finally, appellant asserts that the trial court should have declared that the OAPA breached a "stipulated agreement" to treat him as a technical violator. Appellant provides no allegations or evidence of an actual agreement between him and the OAPA. Rather, appellant refers to procedural dicta in Inmates' Councilmatic Voice v. Rogers (C.A.6 1976),541 F.2d 633, as proof of this stipulated agreement, where the court wrote: "The District Court adopted certain procedures stipulated by the parties with respect to technical violations of the terms and conditions of the parole agreement." Id. at 635.
Inmates Councilmatic Voice considered OAPA procedures for parole revocation hearings after a parolee commits a criminal offense outside of the state of Ohio. See id. The court noted that OAPA procedures with regard to technical violations were "not at issue" in the case. Id. Appellant has not alleged nor offered any proof that he was a party to the litigation in Inmates Councilmatic Voice. Even if appellant were a party to the litigation, the decision plainly states that OAPA treatment of technical violations was not an issue in the case. Therefore, the case does not stand for the proposition that appellant's conduct constitutes a technical parole violation. Further, appellant's complaint is absolutely devoid of any allegation as to how the trial stipulations made over twenty-five years ago by the parties in Inmates Councilmatic Voice has any bearing on the relatively recent revocation of his parole.
The trial court correctly concluded that appellant's complaint failed to state a claim for which relief could be granted. Appellant can prove no set of facts in support of his claim that would entitle him to relief. Appellant's assignments of error are overruled.
YOUNG, P.J., and VALEN, J., concur.